# EXHIBIT G

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
## IN NASHVILLE

TAS RIGHTS MANAGEMENT, LLC,

                      Plaintiff,

    v.

VARIOUS JOHN DOES,
VARIOUS JANE DOES, and VARIOUS
XYZ CORPORATIONS,

                      Defendants.

**CIVIL ACTION NO.** <u>3:18-0393</u>

**FILED UNDER SEAL**

**JURY DEMAND**

## [~~XXXXXXXXX~~] SEIZURE ORDER

This matter comes before the Court upon Plaintiff, TAS Rights Management, LLC's ("Plaintiff") Verified Complaint, Motion for *Ex Parte* Seizure Order ("Motion"), Memorandum in Support of its Motion ("Supporting Memorandum"), and Attorney Certification in Support of the Motion against Defendants for alleged violations of the Lanham Act, 15 U.S.C. §§ 1114, 1125(a), 1125(c), Violation of Tennessee Consumer Protection Act (Tenn. Code. Ann. § 47-18-101 *et seq.*), and Violation of the Tennessee Personal Rights Protection Act of 1984 (Tenn. Code. Ann. § 47-25-1101 *et seq.*).  Plaintiff's claims stem from Defendants' alleged sale of counterfeit Taylor Swift Merchandise, bearing counterfeit versions of the TAYLOR SWIFT® Trademarks and/or REPUTATION® Trademark.  Upon review of Plaintiff's Verified Complaint, Motion, Supporting Memorandum, and Attorney Certification, with exhibits attached, the Court finds that Plaintiff's requests are proper and GRANTS Plaintiff's Motion in all respects.

## I.  FACTUAL BACKGROUND

1.      Plaintiff is the administrator of the trademark and name and likeness rights in the United States and throughout the world of Taylor Swift, a world-renowned singer-songwriter, performer and entertainer.  Verified Complaint ("Compl.") ¶¶ 17-18.  Ms. Swift provides and promotes products and services to the public under her name Taylor Swift and under other trademarks and service-marks. Compl. ¶ 19.

2.      The TAYLOR SWIFT® Trademarks[1] are registered on the Principal Register of the U.S. Patent and Trademark Office ("USPTO"), for a wide variety of products and services. *Id.* ¶¶ 20-21, Exh. A, and B.

3.      The REPUTATION® Trademark[2] is also registered on the Principal Register of the USPTO. *Id.* ¶¶ 24-25.

4.      The TAYLOR SWIFT® Trademarks and REPUTATION® Trademark are distinctive and widely recognized in the United States.

5.      It appears to this Court that various parties will be present on the premises or within a twenty-mile radius of the venues where Taylor Swift will perform during her 2018 stadium concert tour in the United States (the "Taylor Swift reputation Stadium Tour"), including each of the venues identified in **Exhibit A** (each, a "Venue" and collectively "Venues"), for the purpose of the sale, offering for sale and/or distribution of merchandise bearing counterfeit versions of the TAYLOR SWIFT® Trademarks and/or REPUTATION® Trademark ("Counterfeit Goods"); such parties are named as Defendants in this Action.

6.      The Taylor Swift reputation Stadium Tour commences in the United States on May 8, 2018, and concludes in the United States on October 6, 2018. The Taylor Swift

---

[1] As defined in the Verified Complaint.
[2] As defined in the Verified Complaint.

rReputation Stadium Tour will be at the Nissan Stadium in Nashville, Tennessee on August 25, 2018. *Id.* ¶ 52.

7.     Defendants are not licensed or otherwise authorized to use the TAYLOR SWIFT® Trademarks or REPUTATION® Trademark, or to make, distribute or sell merchandise with those trademarks. *Id.* ¶¶ 58, 60.

8.     Defendants' Counterfeit Goods are inferior in quality to authentic TAYLOR SWIFT® goods and will not comply with the quality and style standards established by the Plaintiff for goods bearing the TAYLOR SWIFT® Trademarks and/or REPUTATION® Trademark. *Id.* ¶¶ 61-62.

9.     Defendants' Counterfeit Goods will be largely uniform from concert to concert and city to city because many Defendants will travel from one concert venue to the next. *Id.* ¶ 63.

10.     Defendants' counterfeiting activities will not only cause irrecoverable and innumerable lost sales, but will also irreparably injure the TAYLOR SWIFT® Trademarks and REPUTATION® Trademark's reputations for high-quality products and services. *Id.* ¶¶ 66-73.

## II.  CONCLUSIONS OF LAW

The Verified Complaint, Supporting Memorandum, and Exhibits submitted by the Plaintiff support the following conclusions of law:

11.     Plaintiff is likely to succeed in showing that unless enjoined Defendants will use counterfeits of the TAYLOR SWIFT® Trademarks and/or REPUTATION® Trademark in connection with the sale, offering for sale and/or distribution of the Counterfeit Goods at or near the Venues and within twenty-four hours before or after a concert on the Taylor Swift reputation Stadium Tour.

3

12.     During the Taylor Swift reputation Stadium Tour, Counterfeit Goods and other materials subject to this Order will be located on the premises or within a twenty-mile radius of the Venues.

13.     The Counterfeit Goods include goods bearing a "counterfeit mark" within the meaning of the Lanham Act, 15 U.S.C. § 1116(d), and of Section 1127, 15 U.S.C. § 1051 *et seq.* (the "Act").

14.     Defendants' distribution, offering for sale and/or sale of the Counterfeit Goods amounts to use in commerce of a counterfeit of a registered mark in violation of the TAYLOR SWIFT® Trademarks and/or the REPUTATION® Trademark and of Section 1114(1)(a) of the Trademark Act.

15.     This Court has the power to enjoin violations of Section 1114(1)(a) of the Trademark Act.

16.     This Court has the power to issue an order that provides for an *ex parte* seizure of goods bearing a counterfeit of a trademark registered with the USPTO.

17.     No order other than an *ex parte* seizure order would adequately achieve the purposes of the Act and would prevent Defendants' violation of the TAYLOR SWIFT® Trademarks and/or REPUTATION® Trademark, because Defendants are likely to move or conceal evidence of the Counterfeit Goods and are likely to fail to appear before this Court.

18.     Notice of the Motion need not and cannot have been given to Defendants in advance because: (a) the identities and whereabouts of Defendants are currently unknown; (b) many Defendants have no business identity or stable place of business and cannot be identified; (c) Defendants who can be located and identified, if notified, will cause the immediate concealment or destruction of the Counterfeit Goods or removal of the Counterfeit Goods

outside the jurisdiction of this Court; and (d) to keep the case confidential and without publicizing it, as required by 15 U.S.C. § 1116(d)(6).

19. Defendants' actions cause immediate and irreparable injury through the distribution, offering for sale and/or sale of goods bearing a counterfeit of a mark registered with the USPTO.

20. The harm to Plaintiff of denying the application outweighs the harm to any legitimate interests of Defendants because Defendants have no legitimate interests in the sale of Counterfeit Goods and cannot be harmed by an order preventing them from committing violations of the Act.

21. Plaintiff has not publicized the requested seizure of the Counterfeit Goods.

22. Plaintiff has given a reasonable notice of the Motion to Donald Q. Cochran, the United States Attorney for this District.

23. The file of this case has been sealed as required by 15 U.S.C. § 1116(d)(8).

24. Plaintiff has complied with all statutory requirements for the issuance of an *ex parte* seizure order.

Accordingly, for the reasons set forth above, it is **ORDERED** that:

1) Defendants, their affiliates, subsidiaries, parents, and their respective officers, agents, servants, attorneys, and employees, and all other persons in active concert or participation with them, are ENJOINED and RESTRAINED from, anywhere in the world:

    a. Manufacturing, making, buying, purchasing, importing, shipping, delivering, advertising, marketing, promoting, offering to sell, selling, or otherwise distributing or disposing of, in any manner, any counterfeit or infringing TAYLOR SWIFT® brand products, including but not limited to Taylor Swift

Case 3:18-cv-00593 Document 113 Filed 04/27/23 Page 6 of 62 PageID #: 8423

Merchandise bearing:

    i.   Infringing or counterfeit versions of the TAYLOR SWIFT Trademarks or the REPUTATION Trademarks, which devices appear alone or in combination on authentic Taylor Swift Merchandise distributed by Plaintiff in the United States;

    ii.   Unauthorized use of the name, photograph or likeness of Ms. Swift; or

    iii.  The false representation that such products are distributed by Plaintiff or otherwise under Plaintiff's control or supervision, when they are not;

b.  Manufacturing, making, buying, purchasing, importing, shipping, delivering, advertising, marketing, promoting, offering to sell, selling, or otherwise distributing or disposing of, in any manner, any purported TAYLOR SWIFT® brand products that are not actually produced, imported, or distributed under Plaintiff's control or supervision, or approved for sale in the United States by Plaintiff in connection with the TAYLOR SWIFT Trademarks, the REPUTATION Trademarks, or unauthorized use of the name, photograph or likeness of Ms. Swift;

c.  Committing acts calculated to cause purchasers to believe that counterfeit or infringing TAYLOR SWIFT®-brand products, including counterfeit Taylor Swift Merchandise, originate with Plaintiff when they do not;

d.  In any way infringing or damaging the TAYLOR SWIFT Trademarks and associated common-law rights, or the REPUTATION Trademarks and associated common-law rights, or the value or goodwill associated therewith;

e.  Attempting, causing, or assisting in any of the above-described acts, including but

not limited to, enabling others in the above-described acts or passing on information to allow them to do so;

f. Destroying, altering, deleting, or otherwise disposing of any documents, records, or electronically stored information concerning the manufacturing, making, buying, purchasing, importing, shipping, delivering, advertising, marketing, promoting, offering to sell, selling, or other distribution or disposal of any product that has been, or is intended to be, sold in packaging containing, displaying, or bearing the TAYLOR SWIFT Trademarks, the REPUTATION Trademarks, or unauthorized use of the name, photograph or likeness of Ms. Swift; and

g. Forming or causing to be formed any corporation or other entity that engages in the above-described acts.

2)      Any federal, state, or local law enforcement officer ("Enforcement Official") may seize and maintain in his/her custody and control any and all Counterfeit Goods, counterfeit marks, and the means of making them, and all related business records, including but not limited to invoices, receipts, purchase orders, bank records, shipping documents, receiving documents, customs documents, and documents recording the manufacture, sale or receipt of things relating thereto, in the possession, dominion or control of Defendants, their agents or persons acting in concert or participation with them, including all such Counterfeit Goods and counterfeit marks located in or on any containers, vessels, storage areas or motor vehicles.  In accomplishing any seizure pursuant to this Order, the Enforcement Officials shall comply with all applicable laws.

3)      The Enforcement Officials are authorized to carry out the foregoing on the premises or within a twenty (20) mile radius of any Venue identified on **Exhibit A** to this Order, from twenty-four (24) hours before each concert begins and until twenty-four (24) hours

following the completion of each concert.

4)      The Enforcement Officials, and Plaintiff's attorneys may be accompanied by other agents of the Plaintiff (i.e. attorneys and investigators) to help effectuate the terms of this Order, including seizing and inventorying the items described in (2) above, and that Plaintiff's attorneys or agents may bring with them recording devices to record the seizure.

5)      All Counterfeit Goods, all means of making the Counterfeit Goods, all records, and any other materials seized hereunder shall be delivered up to the custody of the Court in accordance with 15 U.S.C. § 1116(d)(7). The seized Counterfeit Goods shall be kept in identifiable containers and stored at Plaintiff's expense, until further orders of this Court.

6)      Simultaneously with the seizure of the Counterfeit Goods under this Order, or as soon thereafter as is practical under the circumstances, each named Defendant shall be served with a copy of this Order and with a Summons and the Verified Complaint in this action.

7)      This Order is being issued without notice as required by 15 U.S.C. § 1116(d) to protect Defendants from publicity and because, if Plaintiff were to proceed on notice to Defendants, Defendants would destroy, move or hide the Counterfeit Goods, or otherwise make them inaccessible to the Court.

8)      Defendants shall cooperate with the Enforcement Official(s) executing seizure of the Counterfeit Goods under this Order and shall deliver and allow access to all items sought to be seized, wherever such items are located.

9)      Persons who have had goods seized pursuant to this Order are hereby required to provide the Enforcement Official(s) executing this Order with: (A) correct names; (B) residential and, if available, business addresses; (C) telephone numbers; (D) current active military status; and (E) any other identifying information as may be required by the Enforcement Official(s).

8

10)     Plaintiff shall post security, in the form of a cash bond or other form approved by the Court, in the amount of $10,000, for the payment of such damages as may be incurred or suffered by reason of a wrongful seizure, pending the hearing and determination of the continuation of this Order.

11)     Unless extended by the Court, this order shall become valid upon Plaintiff's posting of security and shall remain in effect until further orders of this Court.

12)     IT IS FURTHER ORDERED that a hearing is set for October _26_, 2018, at _4:00_ _P_.M. in Courtroom No. _873_ at the United States District Court for the Middle District of Tennessee, 801 Broadway, Nashville, Tennessee, 37203, and Defendants are ordered to appear and to then and there show cause, if any, why the Court's Order should not remain in effect and the Counterfeit Goods should not be destroyed pursuant to 15 U.S.C. § 1118.

13)     This Order or copies hereof may be served by any person over the age of 18 years who is not a party to this action.

14)     Pursuant to 15 U.S.C. § 1116(d)(8), all persons who become aware of this action and Order are ORDERED not to reveal the existence of this action and/or this Order to any other person, except that persons authorized to enforce this Order may reveal its existence and contents to the extent necessary to carry out their official duties and Defendants may confer with their attorneys concerning this action.

Entered this _27 th_ day of April, 2018.

_____
UNITED STATES DISTRICT JUDGE

Approved for Entry

*/s/ H. Buckley Cole*
H. Buckley Cole
HALL BOOTH SMITH, P.C.
424 Church St. #2950
Nashville, TN 37219
(615)-277-5006
hbcole@hallboothsmith.com


J. Douglas Baldridge
Venable LLP
600 Massachusetts Avenue, NW
Washington, DC 20001
Tel: (202)-344-4703
Fax: (202)-344-8300
JBaldridge@Venable.com

Marcella Ballard (*Pro Hac* Admission pending)
Venable LLP
1270 Avenue of the Americas, 24th Floor
New York, NY 10020
Tel.: 212-370-6289
Fax: 212-307-5598
MBallard@Venable.com

*Attorneys for Plaintiff*
*TAS Rights Management, LLC*

# THE TAYLOR SWIFT REPUTATION STADIUM TOUR
## UNITED STATES CONCERT DATES AND VENUES

| Date | Venue | City | State |
|---|---|---|---|
| May 8, 2018 | University of Phoenix Stadium | Glendale | Arizona |
| May 11, 2018 | Levi's Stadium | Santa Clara | California |
| May 12, 2018 | Levi's Stadium | Santa Clara | California |
| May 18, 2018 | Rose Bowl | Pasadena | California |
| May 19, 2018 | Rose Bowl | Pasadena | California |
| May 22, 2018 | CenturyLink Field | Seattle | Washington |
| May 25, 2018 | Sports Authority Field at Mile High | Denver | Colorado |
| June 1, 2018 | Soldier Field | Chicago | Illinois |
| June 2, 2018 | Soldier Field | Chicago | Illinois |
| June 30, 2018 | Papa John's Cardinal Stadium | Louisville | Kentucky |
| July 7, 2018 | Ohio Stadium | Columbus | Ohio |
| July 10, 2018 | FedEx Field | Washington | District of Columbia |
| July 11, 2018 | FedEx Field | Washington | District of Columbia |
| July 13, 2018 | Lincoln Financial Field | Philadelphia | Pennsylvania |
| July 14, 2018 | Lincoln Financial Field | Philadelphia | Pennsylvania |
| July 17, 2018 | First Energy Stadium | Cleveland | Ohio |
| July 20, 2018 | MetLife Stadium | East Rutherford | New Jersey |
| July 21, 2018 | MetLife Stadium | East Rutherford | New Jersey |
| July 22, 2018 | MetLife Stadium | East Rutherford | New Jersey |
| July 26, 2018 | Gillette Stadium | Foxborough | Massachusetts |
| July 27, 2018 | Gillette Stadium | Foxborough | Massachusetts |
| July 28, 2018 | Gillette Stadium | Foxborough | Massachusetts |
| August 7, 2018 | Heinz Field | Pittsburgh | Pennsylvania |
| August 10, 2018 | Mercedes-Benz Stadium | Atlanta | Georgia |
| August 11, 2018 | Mercedes-Benz Stadium | Atlanta | Georgia |
| August 14, 2018 | Raymond James Stadium | Tampa | Florida |
| August 18, 2018 | Hard Rock Stadium | Miami | Florida |
| August 25, 2018 | Nissan Stadium | Nashville | Tennessee |
| August 28, 2018 | Ford Field | Detroit | Michigan |
| August 31, 2018 | U.S. Bank Stadium | Minneapolis | Minnesota |
| September 1, 2018 | U.S. Bank Stadium | Minneapolis | Minnesota |
| September 8, 2018 | Arrowhead Stadium | Kansas City | Missouri |
| September 15, 2018 | Lucas Oil Stadium | Indianapolis | Indiana |
| September 18, 2018 | The Dome at America's Center | St. Louis | Missouri |
| September 22, 2018 | Mercedes-Benz Superdome | New Orleans | Louisiana |
| September 29, 2018 | NRG Stadium | Houston | Texas |
| October 5, 2018 | AT&T Stadium | Arlington | Texas |
| October 6, 2018 | AT&T Stadium | Arlington | Texas |

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### IN NASHVILLE

TAS RIGHTS MANAGEMENT, LLC,

      Plaintiff

v.

VARIOUS JOHN DOES,
VARIOUS JANE DOES, and
VARIOUS XYZ CORPORATIONS,

      Defendants

Civil Action No.   3:15-0589  

## FILED UNDER SEAL

---

## ORDER OF SEIZURE OF COUNTERFEIT GOODS

---

This matter comes before the Court upon plaintiff TAS Rights Management, LLC's ("Plaintiff") Verified Complaint, Motion for *Ex Parte* Order of Seizure of Counterfeit Goods ("Motion"), and Attorney Certification in Support of the Motion. ~~A hearing was held before this~~

AAT ~~Court on May XXXXX 2015~~. After due consideration thereof, the Court makes the following findings of fact and conclusions of law and GRANTS Plaintiff's Motion in all respects.

    1.     Plaintiff is the exclusive licensee and administrator of the trademark, name and likeness rights of Taylor Swift.

    2.     The trademarks TAYLOR SWIFT and *Taylor Swift* ("Taylor Swift Trademarks") are registered with the United States Patent and Trademark Office, are distinctive, and are widely recognized by the general consuming public of the United States.

    3.     A summary of the registrations issued by the United States Patent and Trademark Office for the Taylor Swift Trademarks is set forth in **Exhibit A** hereto.

1

4.     It appears to this Court that various parties will be present on the premises or within a twenty-mile radius of the venues where Taylor Swift will perform during her 2015 concert tour in the United States ("The 1989 Tour"), including each of the venues identified in **Exhibit B** hereto (each, a "Venue" and, collectively, "Venues"), for the purpose of the sale, offering for sale and/or distribution of merchandise marked with counterfeits of the Taylor Swift Trademarks ("Counterfeit Goods"); such parties are named as "Defendants" in this Action.

5.     Defendants are not licensed or otherwise authorized by Plaintiff to use the Taylor Swift Trademarks.

6.     Plaintiff is likely to succeed in showing that, unless enjoined, Defendants will use counterfeits of the Taylor Swift Trademarks in connection with the sale, offering for sale and/or distribution of the Counterfeit Goods, at or near the Venues and within twenty-four hours before and/or after a concert on The 1989 Tour.

7.     The Counterfeit Goods and other materials subject to this Order likely will be located on the premises or within a twenty-mile radius of the Venues.

8.     The Counterfeit Goods will include goods bearing a "counterfeit mark" within the meaning of the Trademark Counterfeiting Act of 1984, 15 U.S.C. § 1116(d), and of Section 1127 of the Trademark Act, 15 U.S.C. § 1051 *et seq.* ("Trademark Act").

9.     Defendants' distribution, offering for sale and/or sale of the Counterfeit Goods will amount to use in commerce of a counterfeit of a registered mark, in violation of Plaintiff's rights in the Taylor Swift Trademarks and of Section 1114(1)(a) of the Trademark Act.

10.     This Court has the power to enjoin violations of Section 1114(1)(a) of the Trademark Act.

11.     Further, this Court has the power to issue an order that provides for an *ex parte* seizure of goods bearing a counterfeit of a trademark registered with the U.S. Patent and Trademark Office.

12.     No order other than an *ex parte* seizure order would adequately achieve the purposes of Section 1114 of the Trademark Act and would prevent Defendants' violation of Plaintiff's rights in the Taylor Swift Trademarks, because Defendants are likely to move or hide the Counterfeit Goods and are likely to fail to appear before this Court.

13.     Notice of the Motion need not and cannot have been given to Defendants because: (a) the identities and whereabouts of Defendants are currently unknown; (b) many Defendants have no business identity or stable place of business and cannot be identified; (c) Defendants who can be located and identified, if notified, likely will cause the immediate concealment or destruction of the Counterfeit Goods or removal of the Counterfeit Goods outside the jurisdiction of this Court; and (d) to protect Defendants from publicity, as required by 15 U.S.C. § 1116(d)(6).

14.     Plaintiff will suffer immediate and irreparable injury because Defendants' actions will amount to distribution, offering for sale and/or sale of goods bearing a counterfeit of a mark registered with the U.S. Patent and Trademark Office.

15.     The harm to Plaintiff of denying the application outweighs the harm to any legitimate interests of Defendants because Defendants have no legitimate interests in the Counterfeit Goods and cannot be harmed by an order preventing them from committing violations of the Trademark Act.

16.     Plaintiff has not publicized the requested seizure of the Counterfeit Goods.

17.     Plaintiff has given a reasonable notice of the Motion to David Rivera, the United States Attorney for this District.

18.     The file of this case has been sealed as required by 15 U.S.C. § 1116(d)(8).

19.     Plaintiff has complied with all statutory requirements for the issuance of an *ex parte* seizure order.

It is accordingly ORDERED that:

1).     Defendants, along with their partners, associates, agents, servants, employees, representatives, and assigns, and all others under their control or in active concert or participation with them, and all other persons and entities having actual knowledge hereof be, and the same hereby are, ENJOINED and RESTRAINED from:

> a).  use of counterfeits of the Taylor Swift Trademarks;
>
> b).  manufacturing, distributing, offering to distribute, offering for sale, or selling any Counterfeit Goods;
>
> c).  representing by any method that the Counterfeit Goods are sponsored, manufactured, sold or licensed by Plaintiff; and
>
> d).  otherwise taking any action likely to cause confusion, mistake or deception as to the origin of the Counterfeit Goods.

2).     Any federal, state, or local law enforcement officer ("Enforcement Official") may seize and maintain in his/her custody and control any and all Counterfeit Goods, counterfeit marks, and the means of making them, and records documenting the manufacture, sale or receipt of things relating thereto, in the possession, dominion or control of Defendants, their agents or persons acting in concert or participation with them, including all such Counterfeit Goods and counterfeit marks located in or on any containers, vessels, storage areas or motor vehicles.  In

accomplishing any seizure pursuant to this Order, the Enforcement Officials shall comply with all applicable laws.

3). The Enforcement Officials are authorized to carry out the foregoing on the premises or within a twenty (20) mile radius of any Venue identified on **Exhibit B** to this Order, from twenty-four (24) hours before each concert begins and until twenty-four (24) hours following the completion of each concert.

4). All Counterfeit Goods, all means of making the Counterfeit Goods, all records, and any other materials seized hereunder shall be delivered up to the custody of the Court in accordance with 15 U.S.C. § 1116(d)(7). The seized Counterfeit Goods shall be kept in identifiable containers and stored at Plaintiff's expense, until further orders of this Court.

5). Simultaneously with the seizure of the Counterfeit Goods under this Order, or as soon thereafter as is practical under the circumstances, each named Defendant shall be served with a copy of this Order and with a Summons and the Verified Complaint in this action.

6). This Order is being issued without notice as required by 15 U.S.C. § 1116(d) to protect Defendants from publicity and because, if Plaintiff were to proceed on notice to Defendants, Defendants would destroy, move or hide the Counterfeit Goods, or otherwise make them inaccessible to the Court.

7). Defendants shall cooperate with the Enforcement Official(s) executing seizure of the Counterfeit Goods under this Order and shall deliver and allow access to all items sought to be seized, wherever such items are located.

8). Persons who have had goods seized pursuant to this Order are hereby required to provide the Enforcement Official(s) executing this Order with: (A) correct names; (B) residential

and, if available, business addresses; (C) telephone numbers; (D) current active military status; and (E) any other identifying information as may be required by the Enforcement Official(s).

9). Plaintiff shall post security, in the form of a cash bond or other form approved by the Court, in the amount of $10,000, for the payment of such damages as may be incurred or suffered by reason of a wrongful seizure, pending the hearing and determination of the continuation of this Order.

10). Unless extended by the Court, this order shall become valid upon Plaintiff's posting of security and shall remain in effect until further orders of this Court.

11). IT IS FURTHER ORDERED that a hearing is set for November 13, 2015, at 11:00 A.M. in Courtroom No. 873 at the United States District Court for the Middle District of Tennessee, 801 Broadway, Nashville, Tennessee, 37203, and Defendants are ordered to appear and to then and there show cause, if any, why the Court's Order should not remain in effect and the Counterfeit Goods should not be destroyed pursuant to 15 U.S.C. § 1118.

12). This Order or copies hereof may be served by any person over the age of 18 years who is not a party to this action.

13). All persons who become aware of this action and Order are ORDERED not to reveal the existence of this action and/or this Order to any other person, except that persons authorized to enforce this Order may reveal its existence and contents to the extent necessary to carry out their official duties and Defendants may confer with their attorneys concerning this action.

Entered this 26th day of May, 2015.

_____
UNITED STATES DISTRICT JUDGE

## USPTO REGISTRATIONS ISSUED FOR
## TAYLOR SWIFT TRADEMARKS

| Trademark | USPTO Reg. No. | USPTO Reg. Date | Goods/Services |
|-----------|----------------|-----------------|----------------|
| TAYLOR SWIFT | 3,429,635 | May 20, 2008 | Entertainment services in the nature of the rendition of live musical performances by an individual |
| | 3,439,210 | June 3, 2008 | Clothing, namely, shirts, t-shirts, sweatshirts, jerseys, hats and caps |
| | 3,439,211 | June 3, 2008 | Series of musical sound recordings; Pre-recorded audio cassettes, compact discs and DVDs featuring performances by an individual |
| | 3,809,266 | June 29, 2010 | Printed materials and publications, namely, photographs, posters, stickers, songbooks and sheet music |
| | 3,809,267 | June 29, 2010 | On-line retail store services featuring audio recordings, video recordings, printed publications, printed materials, clothing, collectibles, memorabilia, and a wide variety of products related to a musical artist |
| | 3,812,827 | July 6, 2010 | Digital media, namely, downloadable audio files and downloadable audio and video recordings featuring musical entertainment; Downloadable musical sound recordings; Downloadable video recordings featuring musical entertainment; Musical video recordings; Video recordings featuring musical entertainment |
| | 3,812,828 | July 6, 2010 | Jewelry |
| | 3,812,829 | July 6, 2010 | Entertainment services consisting of providing a Web site featuring pre-recorded musical performances, news, articles, reviews, photographs, and other information and multi-media materials relating to a performing and recording musical artist; Entertainment services, namely, providing information via a global communications network relating to music and musical entertainment; Entertainment services, namely, conducting contests; Providing non-downloadable digital music via a global communications network; Fan club services |
| | 4,098,887 | February 14, 2012 | Metal key chains |
| | 4,251,697 | November 27, 2012 | Fragrances; Non-medicated toiletries; Preparations for the care of the skin, scalp, body and hair; Non-medicated toiletries |
| | 4,289,725 | February 12, 2013 | Drumsticks; Guitar Picks; Guitar Straps |

**USPTO REGISTRATIONS ISSUED FOR**
**TAYLOR SWIFT TRADEMARKS**

| Trademark | USPTO Reg. No. | USPTO Reg. Date | Goods/Services |
|---|---|---|---|
| | 4,289,726 | February 12, 2013 | Calendars; Art Prints; Lithographs; Greeting Cards; Holiday Cards; Christmas Cards; Souvenir Programs Concerning Musical and Entertainment Events; Stationery; Notebooks; Blank Writing Journals; Folders; Pens; Pencils; Gift Bags; Decalcomanias; Decals; Wall Decals |
| | 4,289,727 | February 12, 2013 | All-Purpose Carrying Bags; Backpacks; Handbags; Tote Bags |
| | 4,289,728 | February 12, 2013 | Plastic Key Chains |
| | 4,289,729 | February 12, 2013 | Christmas Stockings; Christmas Tree Ornaments and Decorations; Plush Toys; Stuffed Toy Animals; Stuffed Toy Bears; Stuffed Toys |
| | 4,313,779 | April 2, 2013 | Digital media, namely, downloadable multi-media files featuring music and musical entertainment; Downloadable multi-media content containing images, graphics, artwork, text, hypertext, audio and video featuring entertainment, music and musical entertainment; Electronic newsletters delivered by e-mail in the fields of entertainment, music, musical entertainment and topics of general interest; Downloadable ring tones for mobile telephones; Downloadable electronic game programs; Fitted plastic films known as skins for covering and protecting electronic apparatus, namely, mobile telephones, portable media players, laptop computers, mobile computers; Bags and cases for holding or carrying portable telephones or electronic devices, and related equipment and accessories; Decorative charms for mobile telephones and portable electronic devices; Blank flash drives; Pre-recorded flash drives featuring audio recordings, video recordings and multi-media content; Eyewear; Sunglasses; Cases for eyewear; Cases for sunglasses; Battery-activated light sticks |
| | 4,420,958 | October 22, 2013 | Footwear |
| | 4,514,996 | April 15, 2014 | Beach towels; Bed blankets; Bed linen; Blanket throws; Household linen; Kitchen linens; Table linen; Towels |

# USPTO REGISTRATIONS ISSUED FOR
# TAYLOR SWIFT TRADEMARKS

| Trademark | USPTO Reg. No. | USPTO Reg. Date | Goods/Services |
|---|---|---|---|
| *Taylor Swift* (signature) | 3,809,269 | June 29, 2010 | Audio and video recordings featuring musical entertainment; Digital media, namely, downloadable audio files and downloadable audio and video recordings featuring musical entertainment; Downloadable musical sound recordings; Downloadable video recordings featuring musical entertainment; Musical sound recordings; Musical video recordings; Video recordings featuring musical entertainment |
| | 3,809,271 | June 29, 2010 | Printed materials and publications, namely, photographs, posters, stickers, songbooks and sheet music |
| | 3,809,272 | June 29, 2010 | On-line retail store services featuring audio recordings, video recordings, printed publications, printed materials, clothing, collectibles, memorabilia, and a wide variety of products related to a musical artist |
| | 3,809,274 | June 29, 2010 | Clothing, namely, bandanas, caps, hats, hooded pullovers, hooded sweat shirts, sweat shirts, pants, and t-shirts |
| | 3,812,830 | July 6, 2010 | Jewelry |
| | 3,812,838 | July 6, 2010 | Entertainment services in the nature of live musical performances; Entertainment services consisting of providing a Web site featuring pre-recorded musical performances, news, articles, reviews, photographs, and other information and multi-media materials relating to a performing and recording musical artist; entertainment services, namely, providing information via a global communications network relating to music and musical entertainment; Entertainment services, namely, conducting contests; Providing non-downloadable digital music via a global communications network; Fan club services |
| | 4,098,931 | February 14, 2012 | Metal key chains |
| | 4,289,730 | February 12, 2013 | Drumsticks; Guitar Picks; Guitar Straps |
| | 4,289,731 | February 12, 2013 | Calendars; Art Prints; Lithographs; Greeting Cards; Holiday Cards; Christmas Cards; Souvenir Programs Concerning Musical and Entertainment Events; Stationery; Notebooks; Blank Writing Journals; Folders; Pens; Pencils; Gift Bags; Decalcomanias; Decals; Wall Decals |

| Trademark | USPTO Reg. No. | USPTO Reg. Date | Goods/Services |
|---|---|---|---|
| | 4,289,732 | February 12, 2013 | All-Purpose Carrying Bags; Backpacks; Handbags; Tote Bags |
| | 4,289,733 | February 12, 2013 | Plastic Key Chains |
| | 4,289,734 | February 12, 2013 | Christmas Stockings; Christmas Tree Ornaments and Decorations; Plush Toys; Stuffed Toy Animals; Stuffed Toy Bears; Stuffed Toys |
| | 4,313,780 | April 2, 2013 | Digital media, namely, downloadable multi-media files featuring music and musical entertainment; Downloadable multi-media content containing images, graphics, artwork, text, hypertext, audio and video featuring entertainment, music and musical entertainment; Electronic newsletters delivered by e-mail in the fields of entertainment, music, musical entertainment and topics of general interest; Downloadable ring tones for mobile telephones; Downloadable electronic game programs; Fitted plastic films known as skins for covering and protecting electronic apparatus, namely, mobile telephones, portable media players, laptop computers, mobile computers; Bags and cases for holding or carrying portable telephones or electronic devices, and related equipment and accessories; Decorative charms for mobile telephones and portable electronic devices; Blank flash drives; Pre-recorded flash drives featuring audio recordings, video recordings and multi-media content; Eyewear; Sunglasses; Cases for eyewear; Cases for sunglasses; Battery-activated light sticks |
| | 4,428,188 | November 5, 2013 | Fragrances; Perfume; Eau de parfum; Non-medicated preparations for the care of the skin, scalp, body and hair; Non-medicated toiletries |
| | 4,514,997 | April 15, 2014 | Beach towels; Bed blankets; Bed linen; Bed sheets; Blanket throws; Household linen; Kitchen linens; Pillow covers; Table linen; Towels |

# THE 1989 TOUR
## U.S. DATES AND VENUES

| Date | Venue | City | State |
|------|-------|------|-------|
| 05/30/2015 | Ford Field | Detroit | Michigan |
| 06/02/2015 | KFC Yum! Center | Louisville | Kentucky |
| 06/03/2015 | Quicken Loans Arena | Cleveland | Ohio |
| 06/06/2015 | Heinz Field | Pittsburgh | Pennsylvania |
| 06/08/2015 | Time Warner Cable Arena | Charlotte | North Carolina |
| 06/09/2015 | PNC Arena | Raleigh | North Carolina |
| 06/12/2015 | Lincoln Financial Field | Philadelphia | Pennsylvania |
| 06/13/2015 | Lincoln Financial Field | Philadelphia | Pennsylvania |
| 06/19/2015 | Lanxess Arena | Cologne | Delaware |
| 06/20/2015 | Lanxess Arena | Cologne | Delaware |
| 07/10/2015 | MetLife Stadium | East Rutherford | New Jersey |
| 07/11/2015 | MetLife Stadium | East Rutherford | New Jersey |
| 07/13/2015 | Nationals Park | Washington D.C. | Washington D.C. |
| 07/14/2015 | Nationals Park | Washington D.C. | Washington D.C. |
| 07/18/2015 | Soldier Field | Chicago | Illinois |
| 07/19/2015 | Soldier Field | Chicago | Illinois |
| 07/24/2015 | Gillette Stadium | Foxborough | Massachusetts |
| 07/25/2015 | Gillette Stadium | Foxborough | Massachusetts |
| 08/08/2015 | CenturyLink Field | Seattle | Washington |
| 08/14/2015 | Levi's Stadium | Santa Clara | California |
| 08/15/2015 | Levi's Stadium | Santa Clara | California |
| 08/17/2015 | Gila River Arena | Glendale | Arizona |
| 08/18/2015 | Gila River Arena | Glendale | Arizona |
| 08/21/2015 | Staples Center | Los Angeles | California |
| 08/22/2015 | Staples Center | Los Angeles | California |
| 08/24/2015 | Staples Center | Los Angeles | California |
| 08/25/2015 | Staples Center | Los Angeles | California |
| 08/26/2015 | Staples Center | Los Angeles | California |
| 08/29/2015 | PETCO Park | San Diego | California |
| 09/04/2015 | EnergySolutions Arena | Salt Lake City | Utah |
| 09/05/2015 | Pepsi Center | Denver | Colorado |
| 09/06/2015 | Pepsi Center | Denver | Colorado |
| 09/09/2015 | Fargodome | Fargo | North Dakota |
| 09/11/2015 | Xcel Energy Center | Saint Paul | Minnesota |
| 09/12/2015 | Xcel Energy Center | Saint Paul | Minnesota |
| 09/13/2015 | Xcel Energy Center | Saint Paul | Minnesota |
| 09/16/2015 | Bankers Life Fieldhouse | Indianapolis | Indiana |
| 09/17/2015 | Nationwide Arena | Columbus | Ohio |
| 09/18/2015 | Nationwide | Columbus | Ohio |
| 09/21/2015 | Sprint Center | Kansas City | Missouri |
| 09/22/2015 | Sprint Center | Kansas City | Missouri |

**THE 1989 TOUR**
**U.S. DATES AND VENUES**

| Date | Venue | City | State |
|------|-------|------|-------|
| 09/25/2015 | Bridgestone Arena | Nashville | Tennessee |
| 09/26/2015 | Bridgestone Arena | Nashville | Tennessee |
| 09/28/2015 | Scottrade Center | St. Louis | Missouri |
| 09/29/2015 | Scottrade Center | St. Louis | Missouri |
| 10/08/2015 | Wells Fargo Arena | Des Moines | Iowa |
| 10/09/2015 | CenturyLink Center | Omaha | Nebraska |
| 10/10/2015 | CenturyLink Center | Omaha | Nebraska |
| 10/13/2015 | Minute Maid Park | Houston | Texas |
| 10/17/2015 | AT&T Stadium | Arlington | Texas |
| 10/20/2015 | Rupp Arena | Lexington | Kentucky |
| 10/21/2015 | Greensboro Coliseum | Greensboro | North Carolina |
| 10/24/2015 | Georgia Dome | Atlanta | Georgia |
| 10/27/2015 | American Airlines Arena | Miami | Florida |
| 10/31/2015 | Raymond James Stadium | Tampa | Florida |

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### IN NASHVILLE

TAS RIGHTS MANAGEMENT, LLC,

     Plaintiff

v.

VARIOUS JOHN DOES,
VARIOUS JANE DOES, and
VARIOUS XYZ CORPORATIONS,

     Defendants

Civil Action No. 3:13cv170

Judge Sharp

Magistrate Judge Griffin

**FILED UNDER SEAL**

---

## INJUNCTION AND ORDER OF SEIZURE OF COUNTERFEIT GOODS

---

This matter comes before the Court upon TAS Rights Management, LLC's ("Plaintiff") Verified Complaint, *Ex Parte* Motion for Temporary Restraining Order, Motion for Preliminary Injunction and Application for Order of Seizure of Counterfeit Goods, and Attorney Certification in Support of *Ex Parte* Motion for Temporary Restraining Order, Motion for Preliminary Injunction and Application for Order of Seizure of Counterfeit Goods and Supplemental Memorandum in Support thereof. A hearing was held before this Court on March 27, 2013. After due consideration thereof, the Court makes the following findings of fact and conclusions of law and grants Plaintiff's Motion:

1.     Plaintiff maintains exclusive control of the trademark "Taylor Swift," appearing in literal form as "Taylor Swift" or "TAYLOR SWIFT," and in a stylized form as *Taylor Swift* ("Taylor Swift Trademarks").

1

2. The Taylor Swift Trademarks are registered with the United States Patent and Trademark Office, are distinctive, and are widely recognized by the public.

3. A summary of the Taylor Swift Trademarks, and their registrations with the United States Patent and Trademark Office, is set forth in Exhibit A hereto.

4. Defendants are not licensed or otherwise authorized by Plaintiff to use the Taylor Swift Trademarks.

5. It appears to this Court that Defendants are likely to be present on the premises or within a twenty-mile radius of the venues where Ms. Taylor Swift will perform during her concert tour in the United States in 2013 ("The RED Tour"), including the venues identified in Exhibit B hereto ("Venues"), for the purpose of manufacturing, distributing, offering for sale, and/or selling merchandise marked with imitations or counterfeits of the Taylor Swift Trademarks, or otherwise copying authentic and authorized merchandise bearing the Taylor Swift Trademarks and/or a photograph, image or likeness of Ms. Swift ("Counterfeit Goods").

6. The Counterfeit Goods will include goods bearing "counterfeit marks" within the meaning of the Trademark Counterfeiting Act of 1984, 15 U.S.C. § 1116(d).

7. Defendants' distribution, offering for sale, and sale of the Counterfeit Goods would further cause confusion or mistake or be likely to deceive and would constitute trademark infringement under 15 U.S.C. § 1114(1) and false designation of origin under 15 U.S.C. § 1125(a).

8. Under 15 U.S.C. § 1116(d), this Court has the power to grant an *ex parte* seizure order for goods bearing counterfeits of federally registered trademarks.

9. Under 15 U.S.C. § 1116(a), this Court has the power to enjoin violations of 15 U.S.C. §§ 1114(1) and 1125(a).

2

10.     This Court has the power under Rule 65 of the Federal Rules of Civil Procedure to grant an *ex parte* seizure order for Counterfeit Goods that are infringing but are not "counterfeit" within the meaning of 15 U.S.C. § 1116(d).

11.     No order other than an *ex parte* seizure order would adequately achieve the objectives of the Trademark (Lanham) Act, 15 U.S.C. §§ 1114, 1116 and 1125(a).

12.     Plaintiff is likely to succeed in showing that, unless enjoined, Defendants will use counterfeit or infringing marks in connection with the sale, offering for sale and/or distribution of the Counterfeit Goods.

13.     Notice of the Motion need not be given to Defendants prior to the hearing because: (a) the identities and whereabouts of Defendants are currently unknown; (b) many Defendants have no business identity or stable place of business before or after concert performances and cannot be identified; and (c) Defendants who can be located and identified, if notified, likely will cause the immediate concealment or destruction of the Counterfeit Goods or removal of Counterfeit Goods outside the access of this Court.

14.     Plaintiff will suffer immediate and irreparable injury and will have no adequate remedy at law if this Court declines to grant an *ex parte* injunction and seizure order.

15.     The Counterfeit Goods and other materials subject to this Order likely will be located at or near the location or within a twenty-mile radius of the venues for the concerts during The RED Tour.

16.     Should this Court not grant the requested relief, the harm to Plaintiff clearly outweighs any harm that Defendants may suffer if the relief is granted.

17.     Plaintiff has not publicized the requested seizure.

3

18.     Plaintiff has given reasonable notice of the Motion and of Plaintiff's Verified Complaint to the United States Attorney for this District.

19.     Plaintiff has posted security with the Court, in the form of a cash bond in the amount of $~~$10,000~~ $25,000, for the payment of such costs and damages as may be incurred or suffered by any party who is found to have been wrongfully restrained, pending the hearing and determination of the continuation of this Order.

20.     The file of this case has been sealed as required by 15 U.S.C. § 1116(d)(8).

21.     Plaintiff has complied with all statutory requirements for the issuance of an *ex parte* seizure order.

It is accordingly ORDERED and ADJUDGED that:

1)     Defendants, along with their partners, associates, agents, servants, employees, representatives, and assigns, and all others under their control or in active concert or participation with them, and all other persons and entities having actual knowledge hereof be, and the same hereby are, temporarily ENJOINED and RESTRAINED from:

    a)  manufacturing, distributing, offering to distribute, offering for sale, or selling any Counterfeit Goods;

    b)  representing by any method that the Counterfeit Goods are sponsored, manufactured, sold or licensed by Plaintiff; and

    c)  otherwise taking any action likely to cause confusion, mistake or deception as to the origin of Counterfeit Goods.

2)     Any federal, state, or local law enforcement officer ("Enforcement Official") may seize and maintain in his/her custody and control any and all Counterfeit Goods, counterfeit marks, and the means of making them, and records documenting the manufacture, sale or receipt

4

of things relating thereto, in the possession, dominion or control of Defendants, their agents or persons acting in concert or participation with them, including all such Counterfeit Goods and counterfeit marks located in or on any containers, vessels, storage areas or motor vehicles. Enforcement officials in accomplishing any seizure pursuant to this Order shall comply with all applicable laws.

3)      Enforcement Officials are authorized to carry out the foregoing on the premises or within a twenty (20) mile radius of any venue where Ms. Taylor Swift will perform live concerts that are identified on Exhibit B to this Order and that will occur during such time as this Order is in effect, from twenty-four (24) hours before each concert begins and until twenty-four (24) hours following the completion of each concert.

4)      All Counterfeit Goods, all means of making the Counterfeit Goods, all records, and any other materials seized hereunder shall be delivered up to the custody of the Court in accordance with 15 U.S.C. § 1116(d)(7). The seized goods shall be kept in identifiable containers and stored at Plaintiff's expense, and Plaintiff shall inform the Court of the location of the seized goods and all persons having access to the seized goods.

5)      Simultaneously with the seizure hereunder, or as soon thereafter as is practical under the circumstances, each named Defendant shall be served with a copy of (A) this Order and (B) a Summons and the Verified Complaint in this action.

6)      This Order is being issued without notice to protect Plaintiff from irreparable injury to its trademarks and goodwill that may arise if Defendants should dissipate or transfer to any third party any of the goods that are the subject of this Order.

7)      Defendants shall cooperate with the Enforcement Official(s) executing seizure hereunder and shall provide items sought to be seized wherever such items are located.

5

8) Persons who have had goods seized pursuant to this Order are hereby required to provide the persons executing this Order with (A) correct names, (B) residential and business addresses, (C) telephone numbers, (D) their current active military status, and (E) any other identifying information as may be required by the Enforcement Official(s).

9) This Order shall remain in full force and effect until such time as the Court conducts a final hearing in this case, unless otherwise expressly ordered in writing by this Court.

10) All persons who become aware of this action and of this Order are ORDERED not to reveal the existence of this action or of this Order to any other person, except that persons authorized to enforce this Order may reveal its existence and contents to the extent necessary to carry out their official duties, and Defendants may confer with their attorneys concerning this action.

Entered this 27 day of March, 2013, at 7 : 10 p .M., at Nashville, Tennessee.

KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE

# TAYLOR SWIFT TRADEMARKS

| Trademark | USPTO Reg. No. | USPTO Reg. Date | Goods/Services |
|---|---|---|---|
| TAYLOR SWIFT | 3,439,211 | March 27, 2007 | Series of musical sound recordings; Pre-recorded compact discs and DVDs featuring performances by an individual |
| TAYLOR SWIFT | 3,439,210 | March 27, 2007 | Clothing, namely, shirts, t-shirts, sweatshirts, jerseys, hats and caps |
| TAYLOR SWIFT | 3,429,635 | March 27, 2007 | Entertainment services in the nature of the rendition of live musical performances by an individual |
| TAYLOR SWIFT | 3,812,827 | May 12, 2009 | Digital media, namely, downloadable audio files and downloadable audio and video recordings featuring musical entertainment; Downloadable musical sound recordings; Downloadable video recordings featuring musical entertainment; Musical video recordings; Video recordings featuring musical entertainment |
| TAYLOR SWIFT | 3,812,828 | May 12, 2009 | Jewelry |
| TAYLOR SWIFT | 3,809,266 | May 12, 2009 | Printed materials and publications, namely, photographs, posters, stickers, songbooks and sheet music |
| TAYLOR SWIFT | 3,809,267 | May 12, 2009 | On-line retail store services featuring audio recordings, video recordings, printed publications, printed materials, clothing, collectibles, memorabilia, and a wide variety of products related to a musical artist |
| TAYLOR SWIFT | 3,812,829 | May 12, 2009 | Entertainment services consisting of providing a Web site featuring pre-recorded musical performances, news, articles, reviews, photographs, and other information and multi-media materials relating to a performing and recording musical artist; Entertainment services, namely, providing information via a global communications network relating to |

| | | | |
|---|---|---|---|
| | | | music and musical entertainment; Entertainment services, namely, conducting contests; Providing non-downloadable digital music via a global communications network; Fan club services |
| *Taylor Swift* | 3,809,269 | May 12, 2009 | Audio and video recordings featuring musical entertainment; Digital media, namely, downloadable audio files and downloadable audio and video recordings featuring musical entertainment; Downloadable musical sound recordings; Downloadable video recordings featuring musical entertainment; Musical sound recordings; Musical video recordings; Video recordings featuring musical entertainment |
| *Taylor Swift* | 3,812,830 | May 12, 2009 | Jewelry |
| *Taylor Swift* | 3,809,271 | May 12, 2009 | Printed materials and publications, namely, photographs, posters, stickers, songbooks and sheet music |
| *Taylor Swift* | 3,809,274 | May 12, 2009 | Clothing, namely, bandanas, caps, hats, hooded pullovers, hooded sweat shirts, sweat shirts, pants, and t-shirts |
| *Taylor Swift* | 3,809,272 | May 12, 2009 | On-line retail store services featuring audio recordings, video recordings, printed publications, printed materials, clothing, collectibles, memorabilia, and a wide variety of products related to a musical artist |
| *Taylor Swift* | 3,812,838 | May 12, 2009 | Entertainment services in the nature of live musical performances; Entertainment services consisting of providing a Web site featuring pre-recorded musical performances, news, articles, reviews, photographs, and other information and multi-media materials relating to a performing and recording musical artist; entertainment services, namely, providing information via a global communications network relating to music and musical entertainment; Entertainment services, namely, conducting contests; Providing non-downloadable digital music via a global communications network; Fan club services |

| | | | |
|---|---|---|---|
| TAYLOR SWIFT | 4,098,887 | February 14, 2012 | Metal key chains |
| *Taylor Swift* | 4,098,931 | February 14, 2012 | Metal key chains |
| TAYLOR SWIFT | 4,251,697 | November 27, 2012 | Fragrances; Non-medicated toiletries; Preparations for the care of the skin, scalp, body and hair; Non-medicated toiletries |
| TAYLOR SWIFT | 4,289,725 | February 12, 2013 | Drumsticks; Guitar Picks; Guitar Straps |
| TAYLOR SWIFT | 4,289,726 | February 12, 2013 | Calendars; Art Prints; Lithographs; Greeting Cards; Holiday Cards; Christmas Cards; Souvenir Programs Concerning Musical and Entertainment Events; Stationery; Notebooks; Blank Writing Journals; Folders; Pens; Pencils; Gift Bags; Decalcomanias; Decals; Wall Decals |
| TAYLOR SWIFT | 4,289,727 | February 12, 2013 | All-Purpose Carrying Bags; Backpacks; Handbags; Tote Bags |
| TAYLOR SWIFT | 4,289,728 | February 12, 2013 | Plastic Key Chains |
| TAYLOR SWIFT | 4,289,729 | February 12, 2013 | Christmas Stockings; Christmas Tree Ornaments and Decorations; Plush Toys; Stuffed Toy Animals; Stuffed Toy Bears; Stuffed Toys |
| *Taylor Swift* | 4,289,730 | February 12, 2013 | Drumsticks; Guitar Picks; Guitar Straps |
| *Taylor Swift* | 4,289,731 | February 12, 2013 | Calendars; Art Prints; Lithographs; Greeting Cards; Holiday Cards; Christmas Cards; Souvenir Programs Concerning Musical and Entertainment Events; Stationery; Notebooks; Blank Writing Journals; Folders; Pens; Pencils; Gift Bags; Decalcomanias; Decals; Wall Decals |
| *Taylor Swift* | 4,289,732 | February 12, 2013 | All-Purpose Carrying Bags; Backpacks; Handbags; Tote Bags |

| | | | |
|---|---|---|---|
| *Taylor Swift* | 4,289,733 | February 12, 2013 | Plastic Key Chains |
| *Taylor Swift* | 4,289,734 | February 12, 2013 | Christmas Stockings; Christmas Tree Ornaments and Decorations; Plush Toys; Stuffed Toy Animals; Stuffed Toy Bears; Stuffed Toys |

# The Red Tour - United States Tour Dates/Locations

| | DATE | MARKET | BUILDING / NOTES |
|---|---|---|---|
| 1 | 13-Mar | Omaha, NE | CenturyLink Center |
| 2 | 14-Mar | Omaha, NE | CenturyLink Center |
| 3 | 18-Mar | St. Louis, MO | Scottrade Center |
| 4 | 19-Mar | St. Louis, MO | Scottrade Center |
| 5 | 22-Mar | Charlotte, NC | Time Warner Cable Arena |
| 6 | 23-Mar | Columbia, SC | Colonial Life Arena |
| 7 | 27-Mar | Newark, NJ | Prudential Center |
| 8 | 28-Mar | Newark, NJ | Prudential Center |
| 9 | 29-Mar | Newark, NJ | Prudential Center |
| 10 | 10-Apr | Miami, FL | American Airlines Arena |
| 11 | 11-Apr | Orlando, FL | Amway Center |
| 12 | 12-Apr | Orlando, FL | Amway Center |
| 13 | 18-Apr | Atlanta, GA | Philips Arena |
| 14 | 19-Apr | Atlanta, GA | Philips Arena |
| 15 | 20-Apr | Tampa, FL | Tampa Bay Times Forum |
| 16 | 25-Apr | Cleveland, OH | Quicken Loans Arena |
| 17 | 26-Apr | Indianapolis, IN | Bankers Life Fieldhouse |
| 18 | 27-Apr | Lexington, KY | Rupp Arena |
| 19 | 4-May | Detroit, MI | Ford Field |
| 20 | 7-May | Louisville, KY | KFC! Yum Arena |
| 21 | 8-May | Columbus, OH | Nationwide Arena |
| 22 | 11-May | Washington, DC | Verizon Center |
| 23 | 12-May | Washington, DC | Verizon Center |
| 24 | 16-May | Houston, TX | Toyota Center |
| 25 | 21-May | Austin, TX | Frank Erwin Center |
| 26 | 22-May | San Antonio, TX | AT&T Center |
| 27 | 25-May | Dallas, TX | Cowboys Stadium |
| 28 | 28-May | Glendale, AZ | Jobing.com Arena |
| 29 | 29-May | Glendale, AZ | Jobing.com Arena |
| 30 | 1-Jun | Salt Lake City, UT | EnergySolutions Arena |
| 31 | 2-Jun | Denver, CO | Pepsi Center |
| 32 | 6-Jul | Pittsburgh, PA | Heinz Field |
| 33 | 13-Jul | East Rutherford, NJ | MetLife Stadium |
| 34 | 19-Jul | Philadephia, PA | Lincoln Financial Field |
| 35 | 20-Jul | Philadephia, PA | Lincoln Financial Field |
| 36 | 26-Jul | Foxboro, MA | Gillette Stadium |
| 37 | 27-Jul | Foxboro, MA | Gillette Stadium |
| 38 | 1-Aug | Des Moines, IA | Wells Fargo Arena |
| 39 | 2-Aug | Kansas City, MO | Sprint Center |
| 40 | 3-Aug | Kansas City, MO | Sprint Center |
| 41 | 6-Aug | Wichita, KS | Intrust Bank Arena |
| 42 | 7-Aug | Tulsa, OK | BOK Center |
| 43 | 10-Aug | Chicago, IL | Soldier Field |
| 44 | 15-Aug | San Diego, CA | Valley View Casino Center |
| 45 | 19-Aug | Los Angeles, CA | Staples Center |
| 46 | 20-Aug | Los Angeles, CA | Staples Center |
| 47 | 23-Aug | Los Angeles, CA | Staples Center |
| 48 | 24-Aug | Los Angeles, CA | Staples Center |
| 49 | 27-Aug | Sacramento, CA | Power Balance Pavilion |
| 50 | 30-Aug | Portland, OR | Rose Garden Arena |
| 51 | 31-Aug | Tacoma, WA | Tacoma Dome |
| 52 | 6-Sep | Fargo, ND | FargoDome |
| 53 | 7-Sep | St Paul, MN | Xcel Energy Center |
| 54 | 8-Sep | St Paul, MN | Xcel Energy Center |
| 55 | 12-Sep | Greensboro, NC | Greensboro Coliseum |
| 56 | 13-Sep | Raleigh, NC | PNC Arena |
| 57 | 14-Sep | Charlottesville, VA | John Paul Jones Arena |
| 58 | 19-Sep | Nashville, TN | Bridgestone Arena |
| 59 | 20-Sep | Nashville, TN | Bridgestone Arena |
| 60 | 21-Sep | Nashville, TN | Bridgestone Arena |

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
IN NASHVILLE**

| | |
|---|---|
| TAS RIGHTS MANAGEMENT, LLC, | Civil Action No. 3:11-0477 |
| Plaintiff | |
| v. | Judge Nixon |
| VARIOUS JOHN DOES, VARIOUS JANE DOES, and VARIOUS XYZ CORPORATIONS, | Magistrate Judge Brown |
| Defendants | **FILED UNDER SEAL** |

## PRELIMINARY INJUNCTION
## AND ORDER OF SEIZURE OF COUNTERFEIT GOODS

This matter comes before the Court upon Plaintiff TAS Rights Management, LLC's "Plaintiff") Verified Complaint, *Ex Parte* Motion for Temporary Restraining Order, Motion for Preliminary Injunction and Application for Order of Seizure of Counterfeit Goods, and Attorney Certification in Support of *Ex Parte* Motion for Temporary Restraining Order, Motion for Preliminary Injunction and Application for Order of Seizure of Counterfeit Goods. A hearing was held before this Court on May 25, 2011. After due consideration thereof, the Court makes the following findings of fact and conclusions of law and grants Plaintiff's Motion for Preliminary Injunction and Application for Order of Seizure of Counterfeit Goods:

1.  Plaintiff maintains exclusive control of the trademark "Taylor Swift," as used in an unstylized, literal form—"Taylor Swift", and in the stylized, "logo" form — *Taylor Swift* ("Taylor Swift Trademarks").

1

2. The Taylor Swift Trademarks are registered with the United States Patent and Trademark Office, are distinctive, and are highly recognized by the public.

3. Plaintiff also controls the use of the trademark "Speak Now." Plaintiff's trademark "Speak Now" and the Taylor Swift Trademarks are collectively referred to in this Order as "Plaintiff's Trademarks." A summary of the Taylor Swift Trademarks, and their registrations with the United States Patent and Trademark Office, is set forth in Exhibit A hereto.

4. Defendants are not licensed or otherwise authorized by Plaintiff to use Plaintiff's Trademarks.

5. It appears to this Court that Defendants will be present on the premises or within a twenty-mile radius of the venues where Ms. Taylor Swift will perform during her concert tour in the United States in 2011 ("Speak Now Tour"), including each of the venues identified in Exhibit B hereto ("Venues"), for the purpose of manufacturing, distributing, offering for sale, and/or selling merchandise marked with imitations or counterfeits of Plaintiff's Trademarks, or otherwise copying authentic and authorized merchandise bearing Plaintiff's Trademarks and/or a photograph, image or likeness of Ms. Swift ("Counterfeit Goods").

6. The Counterfeit Goods will include goods bearing "counterfeit marks" within the meaning of the Trademark Counterfeiting Act of 1984, 15 U.S.C. § 1116(d).

7. Defendants' distribution, offering for sale, and sale of the Counterfeit Goods would further cause confusion or mistake or be likely to deceive and would constitute trademark infringement under 15 U.S.C. § 1114(1) and false designation of origin under 15 U.S.C. § 1125(a).

8. Under 15 U.S.C. § 1116(d), this Court has the power to grant an *ex parte* seizure order for goods bearing counterfeits of federally registered trademarks.

2

9. Under 15 U.S.C. § 1116(a), this Court has the power to enjoin violations of 15 U.S.C. §§ 1114(1) and 1125(a).

10. This Court has the power under Rule 65 of the Federal Rules of Civil Procedure, and under the All Writs Act, 28 U.S.C. § 1651, to grant an *ex parte* seizure order for Counterfeit Goods that are infringing but are not "counterfeit" within the meaning of 15 U.S.C. § 1116(d).

11. No order other than an *ex parte* seizure order would adequately achieve the objectives of the Trademark (Lanham) Act, 15 U.S.C. §§ 1114, 1116 and 1125(a).

12. Plaintiff is likely to succeed in showing that, unless enjoined, Defendants will use counterfeit or infringing marks in connection with the sale, offering for sale and/or distribution of the Counterfeit Goods.

13. Notice of this Motion need not be given to Defendants prior to *ex parte* hearing because: (a) the identities and whereabouts of Defendants are currently unknown; (b) many Defendants have no business identity or stable place of business before or after concert performances and cannot be identified; and (c) Defendants who can be located and identified, if notified, likely will cause the immediate concealment or destruction of the Counterfeit Goods or removal of Counterfeit Goods outside the access of this Court.

14. Plaintiff will suffer immediate and irreparable injury and will have no adequate remedy at law if this Court declines to grant an *ex parte* restraining and seizure order.

15. The Counterfeit Goods and other materials subject to this Order likely will be located on the premises or within a twenty-mile radius of the venues for the concerts during the Speak Now Tour.

16. Should this Court not grant the requested relief, the harm to Plaintiff clearly outweighs any harm that Defendants may suffer if the relief is granted.

3

17.  Plaintiff has not publicized the requested seizure.

18.  Plaintiff has given reasonable notice of its Motion and Plaintiff's Verified Complaint to the United States Attorney for this District.

19.  Plaintiff has posted security with the Court, in the form of a cash bond in the amount of $10,000.00, for the payment of such costs and damages as may be incurred or suffered by any party who is found to have been wrongfully restrained, pending the hearing and determination of the continuation of this Order.

20.  The file of this case has been sealed as required by 15 U.S.C. § 1116(d)(8).

21.  Plaintiff has complied with all statutory requirements for the issuance of an *ex parte* seizure order.

It is accordingly ORDERED and ADJUDGED that:

1).  Defendants, along with their partners, associates, agents, servants, employees, representatives, and assigns, and all others under their control or in active concert or participation with them, and all other persons and entities having actual knowledge hereof be, and the same hereby are, temporarily ENJOINED and RESTRAINED from:

    a).  manufacturing, distributing, offering to distribute, offering for sale, or selling any Counterfeit Goods;

    b).  representing by any method that the Counterfeit Goods are sponsored, manufactured, sold or licensed by Plaintiff; and

    c).  otherwise taking any action likely to cause confusion, mistake or deception as to the origin of Counterfeit Goods.

2).  Any federal, state, or local law enforcement officer ("Enforcement Official") may seize and maintain in his/her custody and control any and all Counterfeit Goods, counterfeit

4

marks, and the means of making them, and records documenting the manufacture, sale or receipt of things relating thereto, in the possession, dominion or control of Defendants, their agents or persons acting in concert or participation with them, including all such Counterfeit Goods and counterfeit marks located in or on any containers, vessels, storage areas or motor vehicles. Enforcement officials in accomplishing any seizure pursuant to this Order shall comply with all applicable laws.

3). Enforcement Officials are authorized to carry out the foregoing on the premises or within a twenty-mile radius of any venue where Ms. Taylor Swift will perform live concerts that are identified on Exhibit B to this Order and that will occur during such time as this Order is in effect, from twenty-four hours before each concert begins and until twenty-four hours following the completion of each concert.

4). All Counterfeit Goods, all means of making the Counterfeit Goods, all records, and any other materials seized hereunder shall be delivered up to the custody of the Court in accordance with 15 USC Section 1116(d)(7). The seized goods shall be kept in identifiable containers and stored at Plaintiff's expense.

5). Simultaneously with the seizure hereunder, or as soon thereafter as is practical under the circumstances, each named Defendant shall be served with a copy of (A) this Order and (B) a Summons and the Verified Complaint in this action.

6). This Order is being issued without notice to protect Plaintiff from irreparable injury to its trademarks and goodwill that may arise if Defendants should dissipate or transfer to any third party any of the goods that are the subject of this Order.

7). Defendants shall cooperate with the Enforcement Official(s) executing seizure hereunder and shall provide items sought to be seized wherever such items are located.

5

8).     Persons who have had goods seized pursuant to this Order are hereby required to provide the persons executing this Order with (A) correct names, (B) residential and business addresses, (C) telephone numbers, (D) their current active military status, and (E) any other identifying information as may be required by the Enforcement Official(s).

9).     This Order or copies hereof may be served by any person over the age of 18 years who is not a party to this action.

10).     This Order shall remain in full force and effect until such time as the Court conducts a final hearing in this case, unless otherwise expressly ordered in writing by this Court.

11).     All persons who become aware of this action and Order are ORDERED not to reveal the existence of this action or Order to any other person, except that persons authorized to enforce this Order may reveal its existence and contents to the extent necessary to carry out their official duties and Defendants may confer with their attorneys concerning this action.

Entered this 25 day of May, 2011, at ___:___ ___.M., at Nashville, Tennessee.

JOHN T. NIXON
SENIOR DISTRICT JUDGE

6

| Trademark | USPTO Reg. No. | USPTO Reg. Date | Goods/Services |
|---|---|---|---|
| TAYLOR SWIFT | 3,439,211 | March 27, 2007 | Series of musical sound recordings; Pre-recorded audio cassettes, compact discs, DVDs and video tapes featuring performances by an individual; Mouse pads |
| TAYLOR SWIFT | 3,439,210 | March 27, 2007 | Clothing, namely, shirts, t-shirts, sweatshirts, jerseys, hats and caps |
| TAYLOR SWIFT | 3,429,635 | March 27, 2007 | Entertainment services in the nature of the rendition of live musical performances by an individual |
| TAYLOR SWIFT | 3,812,827 | May 12, 2009 | Digital media, namely, downloadable audio files and downloadable audio and video recordings featuring musical entertainment; Downloadable musical sound recordings; Downloadable video recordings featuring musical entertainment; Musical video recordings; Video recordings featuring musical entertainment |
| TAYLOR SWIFT | 3,812,828 | May 12, 2009 | Jewelry |
| TAYLOR SWIFT | 3,809,266 | May 12, 2009 | Printed materials and publications, namely, photographs, posters, stickers, songbooks and sheet music |
| TAYLOR SWIFT | 3,809,267 | May 12, 2009 | On-line retail store services featuring audio recordings, video recordings, printed publications, printed materials, clothing, collectibles, memorabilia, and a wide variety of products related to a musical artist |

EXHIBIT A
Page 1 of 3

| Trademark | USPTO Reg. No. | USPTO Reg. Date | Goods/Services |
|---|---|---|---|
| TAYLOR SWIFT | 3,812,829 | May 12, 2009 | Entertainment services consisting of providing a Web site featuring pre-recorded musical performances, news, articles, reviews, photographs, and other information and multi-media materials relating to a performing and recording musical artist; Entertainment services, namely, providing information via a global communications network relating to music and musical entertainment; Entertainment services, namely, conducting contests; Providing non-downloadable digital music via a global communications network; Fan club services |
| *Taylor Swift* | 3,809,269 | May 12, 2009 | Audio and video recordings featuring musical entertainment; Digital media, namely, downloadable audio files and downloadable audio and video recordings featuring musical entertainment; Downloadable musical sound recordings; Downloadable video recordings featuring musical entertainment; Musical sound recordings; Musical video recordings; Video recordings featuring musical entertainment |
| *Taylor Swift* | 3,812,830 | May 12, 2009 | Jewelry |
| *Taylor Swift* | 3,809,271 | May 12, 2009 | Printed materials and publications, namely, photographs, posters, stickers, songbooks and sheet music |
| *Taylor Swift* | 3,809,274 | May 12, 2009 | Clothing, namely, bandanas, caps, hats, hooded pullovers, hooded sweat shirts, sweat shirts, pants, and t-shirts |

2

EXHIBIT A
Page 2 of 3

| Trademark | USPTO Reg. No. | USPTO Reg. Date | Goods/Services |
|---|---|---|---|
| *Taylor Swift* | 3,809,272 | May 12, 2009 | On-line retail store services featuring audio recordings, video recordings, printed publications, printed materials, clothing, collectibles, memorabilia, and a wide variety of products related to a musical artist |
| *Taylor Swift* | 3,812,838 | May 12, 2009 | Entertainment services in the nature of live musical performances; Entertainment services consisting of providing a Web site featuring pre-recorded musical performances, news, articles, reviews, photographs, and other information and multi-media materials relating to a performing and recording musical artist; entertainment services, namely, providing information via a global communications network relating to music and musical entertainment; Entertainment services, namely, conducting contests; Providing non-downloadable digital music via a global communications network; Fan club services |

3

| 1). | May 21 | Nashville, Tennessee – "Speak Now Help Now" Benefit |
|---|---|---|
| 2). | May 27 | Omaha, Nebraska |
| 3). | May 28 | Omaha, Nebraska |
| 4). | May 29 | Des Moines, Iowa |
| 5). | June 2 | Ft. Lauderdale, Florida |
| 6). | June 3 | Ft. Lauderdale, Florida |
| 7). | June 4 | Orlando, Florida |
| 8). | June 7 | Columbus, Ohio |
| 9). | June 8 | Milwaukee, Wisconsin |
| 10). | June 11 | Detroit, Michigan |
| 11). | June 14 | St. Paul, Minnesota |
| 12). | June 15 | St. Paul, Minnesota |
| 13). | June 18 | Pittsburgh, Pennsylvania |
| 14). | June 21 | Buffalo, New York |
| 15). | June 22 | Hartford, Connecticut |
| 16). | June 25 | Foxboro, Massachusetts |
| 17). | June 26 | Foxboro, Massachusetts |
| 18). | June 30 | Greensboro, North Carolina |
| 19). | July 1 | Knoxville, Tennessee |
| 20). | July 2 | Louisville, Kentucky |
| 21). | July 8 | Charlotte, North Carolina |
| 22). | July 9 | Atlanta, Georgia |
| 23). | July 10 | Atlanta, Georgia |
| 24). | July 19 | Newark, New Jersey |
| 25). | July 20 | Newark, New Jersey |
| 26). | July 23 | Newark, New Jersey |
| 27). | July 24 | Newark, New Jersey |

1

EXHIBIT B
Page 1 of 3

| | | |
|------|-------------|--------------------------------|
| 28). | July 28 | Grand Rapids, Michigan |
| 29). | July 29 | Indianapolis, Indiana |
| 30). | July 30 | Cleveland, Ohio |
| 31). | August 2 | Washington, District of Columbia |
| 32). | August 3 | Washington, District of Columbia |
| 33). | August 6 | Philadelphia, Pennsylvania |
| 34). | August 9 | Chicago, Illinois |
| 35). | August 10 | Chicago, Illinois |
| 36). | August 13 | St. Louis, Missouri |
| 37). | August 14 | St. Louis, Missouri |
| 38). | August 23 | Los Angeles, California |
| 39). | August 24 | Los Angeles, California |
| 40). | August 27 | Los Angeles, California |
| 41). | August 28 | Los Angeles, California |
| 42). | September 1 | San Jose, California |
| 43). | September 2 | San Jose, California |
| 44). | September 3 | Sacramento, California |
| 45). | September 6 | Portland, Oregon |
| 46). | September 7 | Tacoma, Washington |
| 47). | September 16 | Nashville, Tennessee |
| 48). | September 17 | Nashville, Tennessee |
| 49). | September 20 | Bossier City, Louisiana |
| 50). | September 21 | Tulsa, Oklahoma |
| 51). | September 24 | Kansas City, Missouri |
| 52). | September 27 | Denver, Colorado |
| 53). | September 28 | Salt Lake City, Utah |
| 54). | October 4 | Little Rock, Arkansas |
| 55). | October 5 | New Orleans, Louisiana |
| 56). | October 8 | Dallas, Texas |

| | | |
|---|---|---|
| 57). | October 14 | Lubbock, Texas |
| 58). | October 15 | Oklahoma City, Oklahoma |
| 59). | October 20 | San Diego, California |
| 60). | October 21 | Phoenix, Arizona |
| 61). | October 22 | Phoenix, Arizona |
| 62). | October 25 | San Antonio, Texas |
| 63). | October 26 | Austin, Texas |
| 64). | October 29 | Lexington, Kentucky |
| 65). | October 30 | Memphis, Tennessee |
| 66). | November 5 | Houston, Texas |
| 67). | November 11 | Jacksonville, Florida |
| 68). | November 12 | Tampa, Florida |
| 69). | November 13 | Miami, Florida |
| 70). | November 17 | Raleigh, North Carolina |
| 71). | November 18 | Columbia, South Carolina |
| 72). | November 21 | New York, New York |
| 73). | November 22 | New York, New York |

TAYLOR SWIFT,

      Plaintiff

v.

MALCOLM MATTHEWS, RENEE SUSAN
MITCHELL, LOUIS MOORE, MARTIN D.
QUATTLEBAUM, MARSHA DYONNE
TYLER, VARIOUS JOHN DOES,
VARIOUS JANE DOES, and
VARIOUS XYZ CORPORATIONS,

      Defendants

Civil Action No. 3:09-0442

**JURY DEMAND**
**FILED UNDER SEAL**

---

### TEMPORARY RESTRAINING ORDER
### AND ORDER OF SEIZURE OF COUNTERFEIT GOODS

---

      This matter comes before the Court upon Plaintiff Taylor Swift's Verified Complaint, *Ex Parte* Motion for Temporary Restraining Order, Motion for Preliminary Injunction and Application for Order of Seizure of Counterfeit Goods, Declaration of Francisco Javier Dominguez in support of the Motion, Declaration of Crom Tidwell in support of the Motion, and Attorney Certification in Support of *Ex Parte* Motion for Temporary Restraining Order, Motion for Preliminary Injunction and Application for Order of Seizure of Counterfeit Goods. A hearing was held before this Court on May 19, 2009. After due consideration thereof, the Court makes the following findings of fact and conclusions of law and grants Plaintiff's Motion for Temporary Restraining Order and Application for Order of Seizure of Counterfeit Goods:

1.    Plaintiff owns and controls the trademark TAYLOR SWIFT, in word and in stylized forms, and its registration with the United States Patent and Trademark Office and applications for such registration.  Plaintiff's trademark TAYLOR SWIFT is distinctive and highly recognized by the public.

2.    Plaintiff also owns and controls the trademark FEARLESS and the applications for its registration with the United States Patent and Trademark Office.  Plaintiff's trademarks TAYLOR SWIFT and FEARLESS are collectively referred to in this Order as "Plaintiff's Trademarks."  A summary of Plaintiff's Trademarks, and their registrations and applications for registration with the United States Patent and Trademark Office, is set forth in Exhibit A hereto.

3.    Defendants are not licensed or otherwise authorized by Plaintiff to use Plaintiff's Trademarks.

4.    It appears to this Court that Defendants have been, are and will be present on the premises or within a five-mile radius of the venues where Plaintiff will perform during her concert tour in 2009 ("Plaintiff's 2009 Tour"), including each of the venues identified in Exhibit B hereto ("Venues"), for the purpose of manufacturing, distributing, offering for sale, and selling merchandise and products that bear marks, words and/or names identical or confusingly similar to, or are counterfeits of, Plaintiff's Trademarks, without authorization from Plaintiff ("Counterfeit Goods").

5.    Counterfeit Goods include goods bearing "counterfeit marks" within the meaning of the Trademark Counterfeiting Act of 1984, 15 U.S.C. § 1116(d).

6.    Defendants' distribution, offering for sale, and sale of Counterfeit Goods would also cause confusion or mistake or be likely to deceive and would constitute trademark

2

infringement under 15 U.S.C. § 1114(1) and false designation of origin under 15 U.S.C. § 1125(a).

7. Under 15 U.S.C. § 1116(d), this Court has the power to grant an *ex parte* seizure order for goods bearing counterfeits of federally registered trademarks.

8. Under 15 U.S.C. § 1116(a), this Court has the power to enjoin violations of 15 U.S.C. §§ 1114(1) and 1125(a).

9. This Court has the power under Rule 65 of the Federal Rules of Civil Procedure, and under the All Writs Act, 28 U.S.C. § 1651, to grant an *ex parte* seizure order for goods that are infringing but not counterfeits within the meaning of 15 U.S.C. § 1116(d).

10. No order other than an *ex parte* seizure order would adequately achieve the objectives of the Trademark (Lanham) Act, 15 U.S.C. §§ 1114, 1116 and 1125(a).

11. Plaintiff is likely to succeed in showing that Defendants have used and, unless enjoined, will continue to use counterfeit or infringing marks in connection with the sale, offering for sale and/or distribution of Counterfeit Goods.

12. Notice of this Motion need not be given to Defendants prior to *ex parte* hearing because: (a) the identities and whereabouts of certain Defendants are currently unknown; (b) many Defendants have no business identity or stable place of business before or after Plaintiff's concert performances and cannot be identified; and (c) Defendants who can be located and identified, if notified, likely will cause the immediate concealment or destruction of Counterfeit Goods or removal of Counterfeit Goods outside the access of this Court.

13. Plaintiff will suffer immediate and irreparable injury and will have no adequate remedy at law if this Court declines to grant an *ex parte* restraining and seizure order.

3

14. Counterfeit Goods and other materials subject to this Order likely will be located on the premises or within a five-mile radius of the venues for the concerts during Plaintiff's 2009 Tour.

15. Should this Court not grant the requested relief, the harm to Plaintiff clearly outweighs any harm that Defendants may suffer if the relief is granted.

16. Plaintiff has not publicized the requested seizure.

17. Plaintiff has given reasonable notice of this Motion and Plaintiff's Complaint to the United States Attorney for this District.

18. The file of this case has been sealed as required by 15 U.S.C. § 1116(d)(8).

19. Plaintiff has complied with all statutory requirements for the issuance of an *ex parte* seizure order.

It is accordingly ORDERED and ADJUDGED that:

1. Defendants, along with their partners, associates, agents, servants, employees, representatives, and assigns, and all others under their control or in active concert or participation with them, and all other persons and entities having actual knowledge hereof be, and the same hereby are, temporarily ENJOINED and RESTRAINED from:

     a. manufacturing, distributing, offering to distribute, offering for sale, or selling any Counterfeit Goods (merchandise and products that bear marks, words and/or names identical or confusingly similar to, or are counterfeits of, Plaintiff's Trademarks set forth on Exhibit A to this Order);

     b. representing by any method that Counterfeit Goods are sponsored, manufactured, sold or licensed by Plaintiff; and

4

c. otherwise taking any action likely to cause confusion, mistake or deception as to the origin of Counterfeit Goods.

2. Any federal, state, or local law enforcement officer ("Enforcement Official") may seize and maintain in their custody and control any and all Counterfeit Goods and counterfeit marks, and the means of making them, and records documenting the manufacture, sale or receipt of things relating thereto, in the possession, dominion or control of Defendants, their agents or persons acting in concert or participation with them, including all such Counterfeit Goods and counterfeit marks located in or on any containers, vessels, storage areas or motor vehicles. Enforcement officials in accomplishing any seizure pursuant to this Order shall comply with all applicable laws.

3. Enforcement Officials are authorized to carry out the foregoing on the premises or within a five-mile radius of any venue where Plaintiff will perform live concert events that will be occurring at any time during the duration of this Order, from twenty-four hours before each concert begins and until twenty-four hours following the completion of each concert.

4. All Counterfeit Goods, all means of making such Counterfeit Goods, all records, and any other materials seized hereunder shall be delivered up to the custody of the Court in accordance with 15 USC Section 1116(d)(7). The seized goods shall be kept in identifiable containers and stored at Plaintiff's expense.

5. Simultaneously with seizure hereunder, or as soon thereafter as is practical under the circumstances, each named Defendant shall be served with a copy of (i) this Order and (ii) a Summons and the Verified Complaint in this action.

5

6.     This Order is being issued without notice to protect Plaintiff from irreparable injury to her trademarks, name and goodwill that may arise if Defendants should dissipate or transfer to any third party any of the goods that are the subject of this Order.

7.     Defendants shall cooperate with Enforcement Officials executing seizure hereunder and shall provide items sought to be seized wherever such items are located.

8.     Persons who have had goods seized pursuant to this Order are hereby required to provide the persons executing this Order with correct names, residential and business addresses, telephone numbers, and other identifying information.

9.     Plaintiff shall post security, in the form of a cash bond or corporate surety bond or other form approved by the Court, in the amount of $10,000.00 for the payment of such costs and damages as may be incurred or suffered by any party who is found to have been wrongfully restrained, pending the hearing and determination of the continuation of this Order.

10.     Unless extended by the Court, the temporary restraining order shall become valid upon the posting of bond and shall expire ten (10) business days after the issuance of this Order.

11.     IT IS FURTHER ORDERED that a hearing on Plaintiff's Motion for Preliminary Injunction shall be set by the District Judge to whom this case is assigned.

6

12.     This Order or copies hereof may be served by any person over the age of 18 years who is not a party to this action.

13.     All persons who become aware of this action and Order are ORDERED not to reveal the existence of this action or Order to any other person, except that persons authorized to enforce this Order may reveal its existence and contents to the extent necessary to carry out their official duties and Defendants may confer with their attorneys concerning this action.

Entered this 19th day of May, 2009, at 4:00 p.m.    _Todd Campbell_

UNITED STATES DISTRICT JUDGE

# EXHIBIT A

# PLAINTIFF'S TRADEMARKS

| Plaintiff's Trademark | Goods/Services International Class | Goods/Services Description Summary | U.S. Patent and Trademark Office Registration/ Serial No. |
|---|---|---|---|
| **TAYLOR SWIFT** | Class 9 | Audio and video recordings | 3,439,211 |
| | Class 25 | Clothing | 3,439,210 |
| | Class 41 | Entertainment services: live musical performances | 3,429,635 |
| | Class 9 | Downloadable audio and video recordings | 77/734623 |
| | Class 14 | Jewelry | 77/734631 |
| | Class 16 | Printed materials and publications | 77/734649 |
| | Class 35 | On-line retail store services | 77/734654 |
| | Class 41 | Entertainment services: on-line informational and related services | 77/734659 |
| *Taylor Swift* (signature) | Class 9 | Audio and video recordings | 77/734732 |
| | Class 14 | Jewelry | 77/734737 |
| | Class 16 | Printed materials and publications | 77/734743 |
| | Class 25 | Clothing | 77/735160 |
| | Class 35 | On-line retail store services | 77/734751 |
| | Class 41 | Entertainment services | 77/735175 |
| **FEARLESS** | Class 9 | Audio and video recordings | 77/734576 |
| | Class 25 | Clothing | 77/734586 |
| | Class 41 | Entertainment services | 77/734597 |

# EXHIBIT B

**4/23/09**
**ROBERTS STADIUM**
**2600 DIVISION ST., EVANSVILLE, IN 47711 * 812-476-1383**

**4/24/09**
**ASU CONVOCATION CTR**
**217 OLYMPIC DR., JONESBORO, AR 72401 * 870-972-3870**

**4/25/09**
**SCOTTRADE CTR**
**1401 CLARK AVE., ST. LOUIS, MO 63103 * 314-589-5836**

**4/30/09**
**N. CHARLESTION COLISEUM**
**5001 COLISEUM DR., N. CHARLESTION, SC 29418**

**5/1/09**
**JACKSONVILLE ARENA**
**300 A. PHILLIP RANDOLPH BLVD., JACKSONVILLE, FL 32202 * 904-630-3900**

**5/2/09**
**MISS. COAST COLISEUM CONV. CTR.**
**2350 BEACH BLVD., BILOXI MS 39531 * 228-594-3700**

**5/14/09**
**SPOKANE ARENA**
**720 WEST MALLON AVE. SPOKANE, WA 99201 * 509-279-7000**

**5/15/09**
**KEY ARENA**
**305 HARRISON ST., SEATTLE, WA 98109 * 206.684.7200**

**5/16/09**
**ROSE GARDEN**
**100 DREXLER DR., PORTLAND, OR 97227 * 503-235-8771**

**5/17/09**
**IDAHO CENTER**
**16200 IDAHO CTR. BLVD., NAMPA, ID 83687 * 208-468-1000**

**5/21/09**
**GLENDALE ARENA**
**9400 W Maryland Ave, Glendale, AZ 85305 * 623-772-3200**

**5/22/09**
**STAPLES CENTER**
**1111 S. Figueroa St., Los Angeles, CA 90015 * 213.742.7500**

Case 2:09-cv-00442 Document 112 Filed 05/21/09 Page 156 of 562 PageID #: 2575

**5/23/09**
**MANDALAY BAY EVENTS CTR**
**3950 Las Vegas Blvd. South, Las Vegas, NV 89119 * 702-632-7777**

**5/24/09**
**SAN DIEGO SPORTS ARENA**
**3500 Sports Arena Blvd, San Diego, CA 92110 * 619-224-4171**

**5/26/09**
**ENERGY SOLN. CTR.**
**301 West South Temple, Salt Lake City, UT 84101 * 801-325-2500**

**6/4/09**
**ENTERPRISE, AL * FESTIVAL DATE**

**6/5/09**
**US BANK ARENA**
**100 BROADWAY, CINCINNATI, OH 45202 * KEITH URBAN DATE**

**6/6/09**
**PALACE OF AUBURN HILLS**
**5 Championship Drive, Auburn Hills MI 48326 * KEITH URBAN DATE**

**6/7/09**
**ALLEN CO. WAR MEM.**
**4000 Parnell Avenue, Fort Wayne, IN 46805 * KEITH URBAN DATE**

**6/11/09**
**MERRIWEATHER POST PAVILION**
**10475 Little Patuxent Parkway, Columbia, MD 21044 * 410-715-5550**

**6/12/09**
**GREENSBORO COLISEUM**
**1921 E Lee St, Greensboro, NC 27403 * 336-373-7400**

**6/13/09**
**PHILIPS ARENA**
**101 Marietta St NW # 1900, Atlanta, GA 30303 * KEITH URBAN DATE**

**6/24/09**
**OSHKOSH, WI * FESTIVAL DATE**

**6/25/09**
**CADOTT, WI * FESTIVAL DATE ***

**6/27/09**
**WELLS FARGO ARENA**
**730 3rd St, Des Moines, IA 50309 * KEITH URBAN DATE**

Case 2:3309-cv-0005442 Document 118 Filed 05/21/23 Page 259 of 562 PageID #: 25476

**6/28/09**
**MARK OF THE QUAD/ I WIRELESS CTR**
**1201 RIVER DR, MOLINE, IL 61265-1300 * KEITH URBAN DATE**

**7/8/09**
**CALGARY, AB * STAMPEDE**

**7/9/09**
**EDMONTON, AB * KENNY CHESNEY DATE**

**7/10/09**
**CRAVEN, SK * FESTIVAL DATE**

**7/11/09**
**WINNIPEG, MB**

**7/16/09**
**TWIN LAKES, WI * FESTIVAL DATE**

**7/17/09**
**VALUE CITY/ JEROME SCHOTTENSTEIN CENTER**
**555 Borror Drive, Columbus, OH 43210 * 614-688-8400**

**7/18/09**
**CHARLESTON CIVIC CENTER**
**200 CIVIC CENTER DR., CHARLESTON, WV 25301 * 304-345-1500**

**7/23/09**
**CHEYENNE, WY * RODEO**

**7/24/09**
**RUSHMORE CIVIC CENTER**
**444 MT. RUSHMORE RD NORTH, Rapid City, SD 57701 * 605-394-4115**

**7/25/09**
**MINOT, ND * FAIR**

**7/31/09**
**TD BANK NORTH**
**One TD Banknorth Garden Place; Ste 200, Boston, MA 02114 * KEITH URBAN DATE**

**8/1/09**
**WACHOVIA CENTER**
**3601 S Broad St # 1, Philadelphia, PA 19148 * KEITH URBAN DATE**

**8/2/09**
**BLUE CROSS ARENA**
**1 WAR MEMORIAL SQUARE, ROCHESTER, NY 14614 * KEITH URBAN DATE**

Case 3:2309-cv-00054842 Document 112 Filed 05/21/23 Page 3 60 of 56 62 PageID #: 25477

**8/7/09**
**DETROIT LAKES, MN \* FESTIVAL**

**8/8/09**
**SPRINT CENTER**
**1407 Grand Blvd., Kansas City, MO 64106 \* KEITH URBAN DATE**

**8/9/09**
**QWEST CENTER \***
**455 N. 10TH STREET, OMAHA, NE 68102 \* 402-341-1500**

**8/27/09**
**MADISON SQUARE GARDEN**
**4 Pennsylvania Plaza, New York, New York 10001 \* 212-465-6150**

**8/28/09**
**MOHEGAN SUN**
**1 MOHEGAN BLVD , UNCASVILLE, CT 06382 \* 860-862-8000**

**8/29/09**
**BRYCE JORDAN CENTER**
**127 BRYCE JORDAN CTR, STATE COLLEGE, PA 16802-7101 \* 814-863-5500**

**8/30/09**
**LOUISVILLE, KY \* FESTIVAL**

**9/3/09**
**GWINNETT CENTER**
**6400 SUGARLOAF PARKWAY, DULUTH, GA 30097 \* 770-813-7500**

**9/4/09**
**BI-LO ARENA**
**650 N Academy St., Greenville, SC 29601 \* 864-241-3800**

**9/5/09**
**TIME WARNER CABLE ARENA (FORMERLY BOBCATS ARENA)**
**333 East Trade St., Charlotte, NC 28202 \* 704-688-8600**

**9/9/09**
**CAJUNDOME**
**444 CAJUNDOME BLVD , LAFAYETTE, LA 70506 \* 337-265-2100**

**9/10/09**
**CENTURY TEL CENTER**
**2000 CenturyTel Center Drive, Bossier City, LA 71112 \* 318-747-2501**

**9/11/09**
**BJCC**
**2100 Richard Arrington Jr Bl N, Birmingham, AL 35203 \* 205-458-8400**

Case: 2:09-cv-00542 Document: 112 Filed: 05/21/23 Page: 61 of 62 PageID #: 26078

**9/12/09**
**SOMMET CENTER**
**501 Broadway, Nashville, TN 37203 * 615-770-2000**

**9/25/09**
**AMERICAN AIRLINES CENTER**
**2500 VICTORY AVENUE, DALLAS, TX 75219 * 214-665-4265**

**9/26/09**
**ALLTEL ARENA**
**1 ALLTEL ARENA WAY, N. LITTLE ROCK, AR 72114 * 501-340-5660**

**9/27/09**
**BOK CENTER**
**200 S. DENVER AVE., TULSA, OK 74103 * 918-894-4200**

**10/1/09**
**MELLON ARENA**
**66 Mario Lemieux Place, Pittsburgh, PA 15219 * 412-642-1800**

**10/2/09**
**VAN ANDEL ARENA**
**130 W. Fulton, Grand Rapids, MI 49503 * 616-742-6600**

**10/3/09**
**QUICKEN LOANS ARENA**
**ONE CENTER CT., 100 GATEWAY PLAZA, CLEVELAND, OH 44115 * 216-420-2000**

**10/8/09**
**CONSECO FIELDHOUSE**
**125 S. PENNSYLVANIA, INDIANAPOLIS, IN 46204 * 317-917-2500**

**10/9/09**
**ALLSTATE ARENA**
**6920 Mannheim Rd, Rosemont, IL 60018 * 847-635-6601**

**10/10/09**
**XCEL ENERGY CENTER**
**199 KELLOGG BLVD W., ST. PAUL MN 55102 * 651-265-4800**

Case 3:09-cv-00542 Document 112 Filed 05/21/10 Page 62 of 62 PageID #: 6479