# Exhibit B

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# IN NASHVILLE

| | |
|---|---|
| TAS RIGHTS MANAGEMENT, LLC,<br><br>         Plaintiff,<br><br>  v.<br><br>VARIOUS JOHN DOES,<br>VARIOUS JANE DOES, and VARIOUS<br>XYZ CORPORATIONS,<br><br>         Defendants. | **Case No. 3:23-cv-00158**<br><br>**Honorable Eli J. Richardson**<br>**FILED UNDER SEAL**<br><br>**JURY DEMAND** |

**EXTENDED SEIZURE ORDER**

This matter comes before the Court upon Plaintiff, TAS Rights Management, LLC's ("Plaintiff's") Motion for Extended *Ex Parte* Seizure Order ("Motion") against Additional Defendants (defined *infra*) for alleged violations of the Lanham Act, 15 U.S.C. §§ 1114, 1125(a), 1125(c), Violation of Tennessee Consumer Protection Act of 1977 (TENN. CODE. ANN. § 47-18-101 *et seq.*), and Violation of the Tennessee Personal Rights Protection Act of 1984 (TENN. CODE. ANN. § 47-25-1101 *et seq.*). Plaintiff's claims stem from Additional Defendants' alleged sale of counterfeit Taylor Swift Merchandise, bearing counterfeit versions of the trademarks identified in the Verified Complaint and accompanying exhibits as the TAYLOR SWIFT® Trademarks (the "TAYLOR SWIFT Trademarks"); and/or the SPEAK NOW® Trademarks, 1989® Trademarks, REPUTATION® Trademarks, LOVER® Trademarks, FOLKLORE® Trademarks, and SWIFTIE® Trademarks (the "Additional Trademarks") (the TAYLOR SWIFT Trademarks and the Additional Trademarks are, collectively, the "Registered SWIFT Trademarks"). Upon review

of Plaintiff's Motion with exhibits attached, the Court finds that Plaintiff's requests are proper and GRANTS Plaintiff's Motion in all respects.[1]

## I. FACTUAL BACKGROUND

1. Plaintiff is the owner of the trademark rights, and is the administrator of the name and likeness rights in the United States and throughout the world, of Taylor Swift ("Ms. Swift"), a world-renowned singer-songwriter, performer, and entertainer. Verified Complaint ("Compl.") ¶¶ 17–18. Ms. Swift provides and promotes products and services to the public under her name Taylor Swift and under other trademarks and service-marks. Compl. ¶ 19.

2. The Registered SWIFT Trademarks are registered on the U.S. Patent and Trademark Office's ("USPTO's") Principal Register, for a wide variety of products and services. *Id.* ¶¶ 20–21, 24, 26, 27, *see also* Compl. Exs. A, B, E, and F.

3. The Registered SWIFT Trademarks are distinctive and widely recognized in the United States.

4. There is substantial evidence in the record that various parties have been present on the premises or within a twenty-mile radius of the venues where Taylor Swift has thus far performed during her current tour, Taylor Swift | The Eras Tour ("The Tour"), including each of the 2023 venues identified in Exhibit A to the Motion for Extended *Ex Parte* Seizure Order, for the purpose of the sale, offering for sale and/or distribution of merchandise bearing counterfeit versions of the Registered SWIFT Trademarks ("Counterfeit Goods"); such parties are named as Defendants in this Action.

---

[1] This Court previously issued a Seizure Order on March 1, 2023, and confirmed the Seizure Order on September 12, 2023. (ECF 9, ECF 186). That Order remains in full force and effect. The Extended Seizure Order issued herein applies to additional dates of the Tour that were announced subsequent to the issuance of the Seizure Order, and additional Defendants who were not previously served with the Court's original Seizure Order (the "Additional Defendants").

2

Case 3:23-cv-00155 Document 222*SEALED* Filed 11/19/24 Page 3 of 12 PageID #: 1018

5. It appears to this Court that various parties will be present on the premises or within a twenty-mile radius of the venues where Taylor Swift will perform during The Tour at the newly added dates and venues (the "Fall Concerts") identified in Exhibit A to the Motion for Extended *Ex Parte* Seizure Order, for the purpose of the sale, offering for sale and/or distribution of Counterfeit Goods; such parties are named as Additional Defendants in this Action.

6. The Tour commenced in the United States on March 17, 2023, and concludes in the United States on November 3, 2024. The Tour was at the Nissan Stadium in Nashville, Tennessee on May 5, 6 and 7, 2023. *Id.* ¶ 55.

7. Additional Defendants are not licensed or otherwise authorized to use the Registered SWIFT Trademarks, or to make, distribute, or sell merchandise with those trademarks. *Id.* ¶ 64.

8. Additional Defendants' Counterfeit Goods are inferior in quality to authentic goods featuring the Registered SWIFT Trademarks and will not comply with the quality and style standards established by Plaintiff for goods bearing the Registered SWIFT Trademarks. *Id.* ¶¶ 65–66.

9. Additional Defendants' Counterfeit Goods will be largely uniform from concert-to-concert and city-to-city because many Additional Defendants will travel from one concert venue to the next. *Id.* ¶ 67.

10. Additional Defendants' counterfeiting activities will not only cause irrecoverable and innumerable lost sales, but will also irreparably injure the reputation and goodwill associated with the Registered SWIFT Trademarks and Taylor Swift Merchandise for high-quality products and services. *Id.* ¶¶ 70–77.

Case 3:23-cv-00158 Document 222-3 *SEALED* 11/19/24 09/08/24 Page 4 of 12 PageID #: 1019

## II. CONCLUSIONS OF LAW

The Motion, Exhibits, and initial pleadings submitted by Plaintiff support the following conclusions of law:

11. Plaintiff is likely to succeed in showing that unless enjoined Additional Defendants will use counterfeits of the Registered SWIFT Trademarks in connection with the sale, offering for sale and/or distribution of the Counterfeit Goods at or near the Fall Concert venues and within twenty-four hours before and/or after a concert on The Tour.

12. During The Tour, Counterfeit Goods and other materials subject to this Extended Order will be located on the premises or within a twenty-mile radius of the Fall Concert venues.

13. The Counterfeit Goods include goods bearing a "counterfeit mark" within the meaning of the Lanham Act, 15 U.S.C. § 1116(d), and of Section 1127, 15 U.S.C. § 1051 *et seq*. (the "Act").

14. Additional Defendants' distribution, offering for sale, and/or sale of the Counterfeit Goods amounts to use in commerce of a counterfeit of a registered mark in violation of the Registered SWIFT Trademarks and of Section 1114(1)(a) of the Lanham Act.

15. This Court has the power to enjoin violations of Section 1114(1)(a) of the Lanham Act.

16. This Court has the power to issue an order that provides for an *ex parte* seizure of goods bearing a counterfeit of a trademark registered with the USPTO.

17. No order other than an *ex parte* seizure order would adequately achieve the purposes of the Act and would prevent Additional Defendants' violation of the Registered SWIFT Trademarks because Additional Defendants are likely to move or conceal evidence of the Counterfeit Goods and are likely to fail to appear before this Court.

4

18. Notice of the Motion need not and cannot have been given to Additional Defendants in advance because: (a) the identities and whereabouts of Additional Defendants are currently unknown; (b) many Additional Defendants have no business identity or stable place of business and cannot be identified; (c) Additional Defendants who can be located and identified, if notified, will cause the immediate concealment or destruction of the Counterfeit Goods or removal of the Counterfeit Goods outside the jurisdiction of this Court; and (d) to keep the relief here confidential and without publicizing it, as required by 15 U.S.C. § 1116(d)(6).

19. Additional Defendants' actions cause immediate and irreparable injury through the distribution, offering for sale, and/or sale of goods bearing a counterfeit of a mark registered with the USPTO.

20. The harm to Plaintiff of denying the application outweighs the harm to any legitimate interests of Additional Defendants because Additional Defendants have no legitimate interests in the sale of Counterfeit Goods and cannot be harmed by an order preventing them from committing violations of the Act.

21. Plaintiff has not publicized the requested extended seizure order of the Counterfeit Goods at the Fall Concerts.

22. Plaintiff has given a reasonable notice of the Action to Henry C. Leventis, the United States Attorney for this District.

23. The Motion for Extended *Ex Parte* Seizure Order and its exhibits have been filed under seal as required by 15 U.S.C. § 1116(d)(8).

24. Plaintiff has complied with all statutory requirements for the issuance of an extended *ex parte* seizure order.

5

Case 3:23-cv-00158   Document 22-3 *SEALED*   Filed 11/19/24   Page 6 of 12 PageID #: 1021
Case 3:23-cv-00158   Document 22   Filed 09/09/24   Page 5 of 10 PageID #: 1085

Accordingly, for the reasons set forth above, it is **ORDERED** that:

1) Additional Defendants, their affiliates, subsidiaries, parents, and their respective officers, agents, servants, attorneys, and employees, and all other persons in active concert or participation with them, are ENJOINED and RESTRAINED from, anywhere in the United States:

   a. Manufacturing, making, buying, purchasing, importing, shipping, delivering, advertising, marketing, promoting, offering to sell, selling, or otherwise distributing or disposing of, in any manner, any counterfeit or infringing products featuring the Registered SWIFT Trademarks, including but not limited to Taylor Swift Merchandise bearing:

      i. Infringing or counterfeit versions of the Registered SWIFT Trademarks, which devices appear alone or in combination on authentic Taylor Swift Merchandise distributed by Plaintiff in the United States;

      ii. Unauthorized use of the name, photograph, or likeness of Ms. Swift; or

      iii. The false representation that such products are distributed by Plaintiff or otherwise under Plaintiff's control or supervision, when they are not;

   b. Manufacturing, making, buying, purchasing, importing, shipping, delivering, advertising, marketing, promoting, offering to sell, selling, or otherwise distributing or disposing of, in any manner, any products bearing the Registered SWIFT Trademarks that are not actually produced, imported, or distributed under Plaintiff's control or supervision, or approved for sale in the United States by Plaintiff in connection with the Registered SWIFT Trademarks or unauthorized use of the name, photograph, or likeness of Ms. Swift;

   c. Committing acts calculated to cause purchasers to believe that counterfeit or

infringing products featuring the Registered SWIFT Trademarks, including counterfeit Taylor Swift Merchandise, originate with Plaintiff when they do not;

d. In any way infringing or damaging the Registered SWIFT Trademarks and associated common-law rights, or the value or goodwill associated therewith;

e. Attempting, causing, or assisting in any of the above-described acts, including but not limited to, enabling others in the above-described acts or passing on information to allow them to do so;

f. Destroying, altering, deleting, or otherwise disposing of any documents, records, or electronically stored information concerning the manufacturing, making, buying, purchasing, importing, shipping, delivering, advertising, marketing, promoting, offering to sell, selling, or other distribution or disposal of any product that has been, or is intended to be, sold in packaging containing, displaying, or bearing the Registered SWIFT Trademarks, or unauthorized use of the name, photograph, or likeness of Ms. Swift; and

g. Forming or causing to be formed any corporation or other entity that engages in the above-described acts.

2) Any federal, state, or local law enforcement officer ("Enforcement Official") may seize and maintain in his/her custody and control any and all Counterfeit Goods, counterfeit marks, and the means of making them, and all related business records, including but not limited to invoices, receipts, purchase orders, bank records, shipping documents, receiving documents, customs documents, and documents recording the manufacture, sale or receipt of things relating thereto, in the possession, dominion or control of Additional Defendants, their agents or persons acting in concert or participation with them, including all such Counterfeit Goods and counterfeit

marks located in or on any containers, vessels, storage areas, or motor vehicles. In accomplishing any seizure pursuant to this Extended Order, the Enforcement Officials shall comply with all applicable laws.

3) The Enforcement Officials are authorized to carry out the foregoing on the premises or within a twenty (20) mile radius of any Venue identified on **Exhibit 1** to this Extended Order, from twenty-four (24) hours before each concert begins and until twenty-four (24) hours following the completion of each concert.

4) The Enforcement Officials, and Plaintiff's attorneys may be accompanied by other agents of the Plaintiff (i.e., attorneys and investigators) to help effectuate the terms of this Extended Order, including seizing and inventorying the items described in (2) above, and that Plaintiff's attorneys or agents may bring with them recording devices to record the seizure.

5) All Counterfeit Goods, all means of making the Counterfeit Goods, all records, and any other materials seized hereunder shall be delivered up to the custody of the Court in accordance with 15 U.S.C. § 1116(d)(7). The seized Counterfeit Goods shall be kept in identifiable containers and stored at Plaintiff's expense, until further orders of this Court.

6) Simultaneously with the seizure of the Counterfeit Goods under this Extended Order, or as soon thereafter as is practical under the circumstances, each named Additional Defendant shall be served with a copy of this Extended Order and with a Summons and the Verified Complaint in this Action.

7) This Extended Order is being issued without notice as required by 15 U.S.C. § 1116(d) to protect Additional Defendants from publicity and because, if Plaintiff were to proceed on notice to Additional Defendants, Additional Defendants would destroy, move, or hide the Counterfeit Goods, or otherwise make them inaccessible to the Court.

8

Case 3:23-cv-00158 Document 22-3 *SEALED* 11/19/24 09/06/24 Page 9 of 12 PageID #: 1085
Case 3:23-cv-00158 Document 22-3 Filed 11/19/24 Page 9 of 12 PageID #: 1024

8) Additional Defendants shall cooperate with the Enforcement Official(s) executing seizure of the Counterfeit Goods under this Extended Order and shall deliver and allow access to all items sought to be seized, wherever such items are located.

9) Persons who have had goods seized pursuant to this Extended Order are hereby required to provide the Enforcement Official(s) executing this Extended Order with: (A) correct names; (B) residential and, if available, business addresses; (C) telephone numbers; (D) current active military status; and (E) any other identifying information as may be required by the Enforcement Official(s).

10) Plaintiff shall post security, in the form of a cash bond or other form approved by the Court, in the amount of $50,000, for the payment of such damages as may be incurred or suffered by reason of a wrongful seizure, pending the hearing and determination of the continuation of this Extended Order.

11) Unless extended by the Court, this Extended Order shall become valid upon Plaintiff's posting of security and shall remain in effect until further orders of this Court.

12) IT IS FURTHER ORDERED that a hearing is set after the conclusion of The Tour for December 2, 2024, at 3:00 P.M. in Courtroom 5C at the United States District Court for the Middle District of Tennessee, 719 Church Street, Nashville, Tennessee, 37203, and Additional Defendants are ordered to appear and to then and there show cause, if any, why the Court's Extended Order should not remain in effect and the Counterfeit Goods should not be destroyed pursuant to 15 U.S.C. § 1118.

13) This Extended Order or copies hereof may be served by any person over the age of 18 years who is not a party to this Action.

14) Pursuant to 15 U.S.C. § 1116(d)(8), all persons who become aware of this Action

and Extended Order are ORDERED not to reveal the existence of this Action and/or this Extended Order to any other person, except that persons authorized to enforce this Extended Order may reveal its existence and contents to the extent necessary to carry out their official duties and Additional Defendants may confer with their attorneys concerning this Action.

IT IS SO ORDERED.

*Eli Richardson*

ELI RICHARDSON
UNITED STATES DISTRICT JUDGE

10

Case 3:23-cv-00158    Document 202-3 *SEALED*    Filed 11/19/24    Page 11 of 12 PageID #: 1090
Case 3:23-cv-00158    Document 222    Filed 09/09/24    Page 11 of 12 PageID #: 1026

# EXHIBIT 1

## TAYLOR SWIFT | THE ERAS TOUR
### UNITED STATES FALL CONCERT DATES AND VENUES

| Date | Venue | City | State |
|---|---|---|---|
| Friday, October 18, 2024 | Hard Rock Stadium | Miami | Florida |
| Saturday, October 19, 2024 | Hard Rock Stadium | Miami | Florida |
| Sunday, October 20, 2024 | Hard Rock Stadium | Miami | Florida |
| Friday, October 25, 2024 | Caesars Superdome | New Orleans | Louisiana |
| Saturday, October 26, 2024 | Caesars Superdome | New Orleans | Louisiana |
| Sunday, October 27, 2024 | Caesars Superdome | New Orleans | Louisiana |
| Friday, November 1, 2024 | Lucas Oil Stadium | Indianapolis | Indiana |
| Saturday, November 2, 2024 | Lucas Oil Stadium | Indianapolis | Indiana |
| Sunday, November 3, 2024 | Lucas Oil Stadium | Indianapolis | Indiana |